BOLIN, Judge.
On October 13, 1964, plaintiff obtained a default judgment against defendant for $2850. Shortly thereafter plaintiff caused a writ of fieri facias to issue and seized a tandem trailer and a single wheel trailer owned by defendant. On January 22, 1965, Turner, alleging the trailers were tools of his profession, prayed that Johnson be ruled into court to show cause why the trailers should not be released from seizure. The sale was ordered stayed, pending hearing on the rule. Plaintiff answered the rule denying the trailers were exempt from *364 seizure as “tools of his trade” and reconvened claiming the debt represented the amount due him by Turner for the purchase of the trailers, and, therefore, he had a vendor’s lien which entitled him to be paid with preference and priority over Turner’s other creditors. By separate motion plaintiff caused his writ of fieri facias to be dismissed, released the property seized thereunder and sequestered the two trailers under his alleged vendor’s lien.
The case went to trial on Turner’s rule to show cause and Johnson’s reconven-tional demand. For written reasons the lower court rendered judgment in' favor of Turner and Johnson appeals.
The trial judge reasoned that when Johnson voluntarily obtained an order recalling the writ of fieri facias which released the property thereunder Turner’s demand for an injunction to prevent that sale became moot. We think this ruling is correct and, it might be added, appellant does not specify it to be erroneous.
The lower court further found the only remaining question at issue during the hearing on the rule was whether M. L. Johnson had a vendor’s lien entitling him to maintain his writ of sequestration. On this question the testimony was uniform and uncontradicted that plaintiff never owned the trailers. Plaintiff himself testified he loaned defendant money to purchase the trailers. We agree with the lower court’s action in dissolving the writ of sequestration and holding plaintiff had no vendor’s lien.
Appellant contends for the first time in brief before this court that the lower court had no authority to decide the issue raised by Johnson’s reconventional demand since no answer thereto had been filed prior to the hearing on Turner’s rule to show cause. As authority for this argument we are cited to Louisiana Code of Civil Procedure Article 1039:
“If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action.”
Appellant also relies on the following language found in the syllabus of Chronister v. Creole Corporation, 147 So.2d 218, La.App. 4 Cir. (1962) :
“A reconventional demand is on the same basis as an original petition, and therefore a district court is without authority to order a trial and proceed on a re-conventional demand where no answer thereto has been filed, no default taken and no waiver by the parties of the filing of an answer is made. LSA-C.C.P. Arts. 852, 1571.”
The Chronister case involved a landlord’s suit against a tenant for damages for unlawfully taking possession of property wherein a reconventional demand was filed by the tenant. The case went to trial with no answer having been filed to the recon-ventional demand. The court found plaintiff in reconvention had waived his right to an answer to his demand by going to trial without objection. The cited case, therefore, seems to support the ruling of the lower court.
We entertain no doubt that an answer must be filed to a reconventional demand in an ordinary proceeding unless the answer is waived. Assuming, but not deciding, the rule to show cause was an ordinary proceeding, we find additional authority for affirming the judgment in Louisiana Code of Civil Procedure Article 1154 which provides in part:
“When issues not raised by the pleadings are .tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading.” * * *
During the trial of the rule counsel for appellant placed Johnson on the stand and elicited the testimony that John *365 son gave or loaned the money to Turner to buy the trailers and title thereto was transferred by the original vendor to Turner. It was this testimony upon which the trial judge decided Johnson was not the vendor and consequently had no vendor’s privilege on the trailers for enforcement of payment for the purchase price. This evidence having been adduced by appellant without contradiction had the effect of enlarging the pleadings , so as to put at issue Johnson’s reconventional demand.
The judgment is affirmed at appellant’s cost.