230 So.2d 671 (1970)
Al Glenn GOSSETT, Jr., et ux., Plaintiffs-Appellants,
v.
O. F. NEALY et al., Defendants-Appellees.
No. 2951.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1970.
Joel B. Dickinson, Baton Rouge, for plaintiff-appellant.
Gahagan & Gahagan, by Marvin F. Gahagan, Natchitoches, for appellee.
Before FRUGÉ, SAVOY, and CULPEPPER, JJ.
FRUGÉ, Judge.
Plaintiffs instituted this action for personal injuries and property damages arising out of an automobile collision on September 29, 1967 in Natchitoches, Louisiana. The defendants reconvened for property damages and trial was had on May 8, 1969. Plaintiffs' demands were dismissed *672 and defendants, plaintiffs in reconvention, were awarded $238.00 plus legal interest and costs on the basis of the reconventional demand. Plaintiffs, defendants in reconvention, then appealed to this court.
The trial of this matter was initially set for April 3, 1968. Plaintiffs' attorney requested a continuance which was granted and moved that the trial be reset for May 8, 1969. This motion was also granted and a trial was rescheduled for that date. On May 7, 1969, the clerk of court of Natchitoches Parish received a request for a second continuance from plaintiffs' attorney. The motion contained a certificate by Mr. Joseph A. Thomas of Natchitoches stating that Mrs. Gossett, one of the plaintiffs, was acutely ill in Baton Rouge, Louisiana, and would not be able to attend the trial to testify on her own behalf.
The trial judge proceeded with the trial, dismissed plaintiffs' claim, and rendered judgment against plaintiffs on the reconventional demand. Counsel for plaintiffs contends that the trial judge's refusal to grant a continuance was an abuse of the discretion granted him under La.Code Civ. P. art. 1601.
The record reveals that plaintiffs' motion for a continuance was not received by the clerk of court until 4:45 p. m. on the day preceding the trial. Opposing counsel received no notice until the morning of May 8, 1969, the date of the trial, at which time defendants' counsel had already brought in three out-of-town witnesses to appear at the trial.
Additionally, plaintiffs' counsel did not appear in open court to argue in support of his motion. Nor was it shown by what means Dr. Thomas, a Natchitoches physician, was aware of the condition of Mrs. Gossett, who was supposedly ill in Baton Rouge.
In view of the above circumstances, we cannot say that the trial court abused its discretion in denying the second motion for continuance. By virtue of La.Code Civ.P. art. 1601, the trial court is given much discretion in granting continuances. That discretion is considered abused only in exceptional circumstances. Manley v. Manley, 203 So.2d 832, La.App. 2d Cir., 1967; writ denied, 251 La. 734, 206 So.2d 90 (1968); Berger v. Johnson, 141 So.2d 164 (La.App. 4th Cir., 1962).
In the instant case, plaintiffs' counsel improperly assumed that a continuance would be granted, and made no appearance to support his motion or to adequately advise the parties concerned. Meanwhile, opposing counsel had gone to considerable effort in bringing in three out-of-town witnesses and was ready for trial. We feel that the trial court's denial of a second continuance served the ends of justice rather than defeat them.
It is also apparent that neither of the peremptory grounds for a continuance given in the La.Code Civ.P. art. 1602 are present in the instant case. Therefore we hold that the trial court was justified in denying the motion for a second continuance.
An examination of the record reveals that no answer to the reconventional demand of defendants, plaintiffs in reconvention, was filed by defendants in reconvention. Also no preliminary default was taken by defendants, plaintiffs in reconvention. Therefore issue was not joined and no judgment could be had against plaintiffs, defendants in reconvention, unless they had waived the filing of an answer. Johnson v. Turner, 218 So.2d 363 (La.App. 2d Cir., 1969); Deposit Guaranty National Bank v. Shipp, 205 So.2d 101 (La.App. 2d Cir., 1967); Garry v. Zor, Inc., 181 So. 2d 828 (La.App. 4th Cir., 1966); Welch v. Welch, 169 So.2d 713 (La.App. 4th Cir., 1964).
We find that there was no such waiver in the instant case and by virtue of LSA-C.C.P. arts. 852, 1035, and 1036 no valid *673 judgment could be rendered on the reconventional demand. The plaintiffs, defendants in reconvention, objected to going into trial, did not appear at the trial, and produced no evidence at the trial. As the court said in the Johnson case, supra, 218 So.2d at page 364, "we entertain no doubt that an answer must be filed to a reconventional demand in an ordinary proceeding unless the answer is waived." There being no waiver in the instant case, the judgment granting defendants, plaintiffs in reconvention, property damages in the amount of $238.00 is void.
For the foregoing reasons, the judgment of the trial court is affirmed insofar as it dismissed plaintiffs', defendants' in reconvention, initial demands, and reversed insofar as it granted defendants, plaintiffs in reconvention, judgment for $238.00 plus interest. The costs of this appeal are to be shared equally by both parties.
Affirmed in part, reversed in part.