LEMMON, Judge.
Relators Kim Petersen and Bob Frick applied to this court to exercise its supervisory jurisdiction, alleging that they have been deprived of their day in court, of their right to be represented by counsel, of their right to present evidence in their behalf, and effectively, of their right to a trial. We granted a writ of certiorari.
Upon being sued for $14,040.00, Petersen and Frick employed counsel to defend them against the claim. After issue was joined, the case was fixed for trial on February 13, 1970. Unfortunately, Petersen’s father died, and a continuance was requested and granted because of his absence.
The trial was re-set for April 1, 1970. Another continuance was requested on that date on the grounds of Frick’s absence because of serious injuries sustained in an automobile accident just prior to the trial date. Because several witnesses were present in response to subpoenas duces tecum, and because the commencement of the proceedings would entitle the matter to preference as an open case, the continuance was denied, and the matter was partially tried.
The second day of trial was held on May 4, 1970, with all parties and their attorneys present. Since the plaintiff did not complete its case, the matter was again held over as an open case.
On June 1, 1970, the next date assigned for trial, the defendants were present in court, but their attorney was not. In their verified application for writs to this court, relators state that their attorney was absent due to illness. The plaintiff was allowed to complete its case. The relators stated that they had a defense to present and that witnesses had been subpoenaed. However, the attorney was not present with the file containing the evidence, and the record contained no request for subpoenas. A continuance was therefore denied, and the matter was then taken under advisement, without the relators presenting their defense.
About three weeks later relators’ attorney filed a contradictory motion to reopen, containing the names of eleven persons who would be called to testify and the nature of their testimony. The motion was not set for hearing and was not acted upon until *44 approximately three months later, when it was denied summarily as a part of the judgment on the merits in favor of the plaintiff.
Relators immediately employed a new attorney, who timely filed a motion for new trial. Nine witnesses were subpoenaed to testify concerning the June 1 illness of the former attorney and the defenses to be presented, but the new trial was denied summarily. Relators perfected a devolu-tive appeal and also applied for this remedial writ, which was granted. The entire record is now before us.[1]
The relators enjoyed a superior position, having collected the $14,040.00 from plaintiff. When the latter sued for return of the money, any delays in the proceedings enured to relators’ benefit. In view of this and the several continuances requested by relators plaintiff contends in this court that the prejudice they would have suffered by another continuance outweighs any harm done to defendants. Plaintiff further urges that relators had adequate opportunity to present their defense on any of the three days on which this case was tried. We do not agree.
Plaintiff did not complete its case until the third day of the trial, and it was not until then that defendants-relators had the first opportunity to make an orderly presentation of their case. Without their attorney, this became impossible on that date. While it was perhaps inexcusable for the defense attorney to simply not appear, without filing a motion for continuance or attempting any notice to the court, it is unreasonable to penalize the litigants who were not responsible for his nonappearance. Nowhere in the record is there any indication that the litigants purposely attempted to delay the trial. The requested delays resulted from unfortunate, although unusual, circumstances and were not patently unreasonable.
While trial courts should be cautious in granting continuances in these days of crowded dockets, substantial justice should not be sacrificed for expediency. Here, the denial of a continuance effectively rendered a judgment by default, as the record contains only plaintiff’s evidence.
While we hesitate to interfere in a matter such as this, particularly where a transcript or record does not and cannot contain all of the extenuating circumstances affecting a trial judge’s decision, we feel that the interest of justice would be better served by allowing relators to present evidence in their defense.
Accordingly, the judgment rendered herein on September 16, 1970 is set aside, and the case is remanded to the district court for further proceedings in accordance with the views herein expressed.
Set aside and remanded.

. The appeal has also been lodged and bears Docket No. 4505.