274 So.2d 494 (1973)
Robert R. GEORGE, Plaintiff-Appellee,
v.
Mary Helen GEORGE, Defendant-Appellant.
No. 4089.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1973.
Gravel, Roy & Burnes, by J. Michael Small, Alexandria, for defendant and plaintiff in rule-appellant.
David A. Sheffield, Alexandria, for plaintiff-defendant in rule appellee.
*495 Gold, Hall, Hammill & Little, by James D. Davis and Donald Sharp, Alexandria, for defendant-plaintiff in rule-appellee.
Roger Edwards, Abbeville, for intervenor.
Before FRUGE, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Defendant Mrs. Mary Helen George appealed the trial court judgment awarding plaintiff husband Robert R. George a judicial separation together with custody of their three children, whose ages are two, five and six. Defendant wife contends that the trial court erred in refusing to grant a continuance and seeks a reversal and remand of the case. We affirm.
Husband filed suit for separation and obtained provisional custody of the children on February 14, 1972. Wife promptly reconvened seeking a judicial separation and custody of the children. The temporary child custody issue was heard March 10, and laid over for completion at a later date. The case was assigned a May 24, 1972 trial date. A continuance was granted on that date on the grounds that wife was receiving emergency treatment in the hospital and had just secured new counsel who needed time to prepare for trial.
The case was scheduled for trial on June 28, 1972. On that date her counsel sought a continuance because his client was hospitalized the night before. The case was continued until 10 a. m. the following day. When the case was next called, her counsel again sought a continuance because of his client's alleged illness. The trial judge granted a continuance until 2:00 p. m. that afternoon (June 29, 1972) with the admonition that if wife did not have her doctor appear in court to substantiate her claims of illness, the trial would continue.
Wife's counsel appeared at 2:00 p. m. without a physician to substantiate his client's illness, but offered memorandum notes from two different doctors. One indicated that Mrs. George needed hospitalization and the other indicated that she did not.
The trial judge noted that defendant wife had two weeks to notify witnesses to be in court; that she had made no effort to call witnesses; and that notwithstanding the court's requirement, her counsel made no attempt to present testimony from a physician to support the claim that she needed hospitalization. The court announced its settled conviction that "... Mrs. George is just playing with the Court ..." and concluded that this would not be tolerated.
This was wife's fourth request for a continuance based on emergency hospitalization. The trial court's refusal to grant a final motion for continuance is entirely supported by the record.
A continuance may be granted in any case if there is good ground therefor. LSA-C.C.P. Art. 1601. The granting of a continuance under this article is left to the sound discretion of the trial judge, and his judgment should not be disturbed absent a clear abuse of discretion. Gossett v. Nealy, 230 So.2d 671 (La.App. 3 Cir. 1970); Wall v. Wall, 230 So.2d 420 (La.App. 1 Cir. 1969); Manley v. Manley, 203 So.2d 832 (La.App. 2 Cir. 1967).
Wife contends that three cases support her motion for continuance. Park Place Homes, Inc. v. Petersen, 242 So.2d 43 (La. App. 4 Cir. 1970); Matthews v. Matthews, 220 So.2d 246 (La.App. 3 Cir. 1969); and Gillentine v. McLeod, 70 So.2d 384 (La. App.Orl.1953). The Matthews and Gillentine cases resulted in judgments affirming the trial court's denial of motions for continuance. A different result was reached in the Petersen case where there was no "... indication that the litigants purposely attempted to delay the trial." 242 So.2d at 44. On that finding we distinguish the Petersen case.
It was established at the March 10, 1972 hearing that wife had become a habitual alcoholic; that she drinks nightly *496 at public lounges; that she frequently becomes drunk at these lounges; and that she has been arrested and fined for disorderly conduct on at least two occasions in 1972. The June 29, 1972 trial court judgment awarding husband a judicial separation and custody of his three minor children is supported by the record.
The trial court judgment is affirmed at appellant's costs.
Affirmed.