302 So.2d 721 (1974)
Floyd D. JOHNSON et al., Plaintiffs-Appellees,
v.
William FUSELIER et al., Defendants-Appellants.
No. 4692.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
Rehearing Denied November 20, 1974.
*722 Bryan Miller, Lake Charles, for defendants-appellants.
McHale & Bufkin by Louis D. Bufkin, Lake Charles, for plaintiffs-appellees.
Before FRUGÉ, HOOD, and DOMENGEAUX, JJ.
FRUGÉ, Judge.
This case involves an automobile accident between Lloyd Johnson and Lou Anna Fuselier. After trial on the merits, the trial court held that the accident resulted from the negligence of the defendant Mrs. Fuselier. Judgment was rendered in favor of Mr. Johnson for $4,390.09 and against Lou Anna Fuselier and her husband Wilson Fuselier, in solido. We affirm.
Suit was originally filed by Mr. Johnson and by Lake Charles Auto Salvage & Parts against the Fuseliers and All-Star Insurance Corporation who allegedly provided uninsured motorist coverage. The suit was dismissed as to All-Star when it was shown that no insurance policy was in effect at the time of the accident.
The accident occurred on June 13, 1972, at about 8:00 A.M. The trial court found that the street was damp in the area of the accident. The accident occurred at the intersection of Fifth Avenue and a gravel service road that leads into Greinwich Village, a subdivision of Lake Charles. Fifth Avenue is a four-lane through steet. Mr. Johnson was proceeding North on Fifth Avenue in a 1971 Cadillac Coupe Deville. Mrs. Fuselier was proceeding South on Fifth Avenue in a pickup truck with the intention of making a left turn into Greinwich Village. The turn led her across the portion of the highway being traveled by Mr. Johnson.
Mrs. Fuselier testified that she turned into the median of Fifth Avenue, stopped, and was struck as she attempted to cross the Northbound lane. The accident occurred as she got toward the center of the Northbound lane and the impact occurred about the center of the pickup truck.
The trial court held that Mrs. Fuselier was negligent in making a left turn in front of an oncoming vehicle before ascertaining that the way was clear. On appeal, appellants contend that the accident happened solely because of the excessive speed of Mr. Johnson. In the alternative, they argue that Johnson was contributorily negligent.
The trial court found no excessive speed on the part of Mr. Johnson. This finding is based on the fact that both vehicles stopped in the general vicinity of the impact. Appellants have attempted to establish excessive speed on the part of Johnson through the testimony of Mrs. Mary Nowell. Mrs. Nowell testified that at the time Mrs. Fuselier began across the Northbound lane of Fifth Avenue, Mr. Johnson's vehicle was just coming out of the curve some *723 240 feet South of the intersection. Appellants try to show that for Mr. Johnson to hit Mrs. Fuselier he would have traveled the 240 feet in three seconds. This would translate into about 70 m. p. h.
There is no other evidence of excessive speed on the part of Johnson. The trial court apparently placed great weight on the fact that the force of the collision did not indicate excessive speed. We do not find this to be manifestly erroneous.
When Mrs. Fuselier crossed in front of Mr. Johnson she breached the duty she owed of yielding the right of way to an oncoming vehicle. Appellant argues that Mrs. Fuselier was not making a left turn since she had stopped in the median. We think that this is immaterial. Mr. Johnson clearly had the right of way. By failing to determine that the way was cleared, Mrs. Fuselier breached the duty imposed on her of yielding the right of way. The fact that her view was obstructed by the palmettos increased the duty of care imposed. We thus find no error with the trial court's finding that the accident was caused solely by the negligence of Mrs. Fuselier.
Appellants contend that the trial court erred in awarding property damages to Mr. Johnson. In the original petition Lake Charles Auto Salvage & Parts, which is a partnership, alleged that it owned the automobile driven by Johnson. At trial, however, Johnson testified that the car belonged to him and not to the partnership. Appellants contend that no damages of this sort should be awarded Johnson as he did not include them in his prayer for relief. Article 862 of the Code of Civil Procedure provides:
"Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."
The only evidence as to ownership was the testimony of Johnson. In light of this testimony and Article 862 the trial court properly awarded property damages to Johnson.
Appellants contend that an award of $2,000 in general damages to Mr. Johnson is excessive. We believe the award to be within the discretion allowed the trial judge. Although Mr. Johnson was not hospitalized, he did suffer pain in his knee and his back.
Appellants finally contend that the trial court erred in granting plaintiffs' motion for a continuance. Appellants argue that the plaintiffs should be estopped from presenting any evidence. Plaintiffs' motion for continuance shows that Mr. Johnson left town for three weeks on December 2, four days before trial. Counsel for Mr. Johnson was unable to contact Johnson after he left town in order to inform him that trial had been fixed for December 6. Appellants contend that appellees had formal notice of the setting of trial date some three weeks prior to December 2.
Article 1601 of the Code of Civil Procedure provides: "A continuance may be granted in any case if there is good ground therefor." The rule in this state is that granting a motion for continuance is within the sound discretion of the trial judge. George v. George, 274 So.2d 494 (La.App. 3rd Cir. 1973); Discon v. Saray, Inc., 272 So.2d 439 (La.App. 1st Cir. 1973). We do not think the trial judge abused this discretion in allowing plaintiffs to have their day in court.
For the reasons assigned, the judgment of the trial court is hereby affirmed.
Affirmed.