307 So.2d 813 (1975)
Milton GARB
v.
CLAYTON-KENT BUILDERS, INC., d/b/a Westminster Apartments.
No. 10145.
Court of Appeal of Louisiana, First Circuit.
February 10, 1975.
*814 J. Glenn Dupree, Baton Rouge, with Womack & Adcock, Baton Rouge, for appellant.
Thomas R. Elkins, Baton Rouge, with McCollister, Belcher, McCleary & Fazio, Baton Rouge, for appellee.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
LANDRY, Judge.
Plaintiff (Lessee) appeals from judgment rejecting his demands for damages and attorney's fees predicated upon defendant's (Lessor) alleged violation of LSA-R.S. 9:3251-9:3254, in failing to timely return advance rental deposited by Lessee. We affirm.
The matter was tried on a stipulation of fact which recites that Lessor and Lessee entered into a written lease agreement on May 15, 1973, for a term of six months. Pursuant to Lessor's requirement, Lessee made a deposit of $50.00 with Lessor to secure payment of any sums Lessee might owe at the termination of the lease. The terms of the lease obligated Lessee to give Lessor thirty days notice of Lessee's intention to vacate the premises. On November 4, 1973, Lessee gave Lessor written notice of Lessee's intention to vacate. Subsequently, Lessee vacated the premises on November 26, 1973 (less than the thirty days required in the lease). Upon departing the premises, Lessee left a forwarding address with Lessor. By letter dated December 6, 1973, mailed to Lessee at the address left with Lessor, Lessor notified Lessee that the deposit of $50.00 was being retained by Lessor because Lessee failed to give the required thirty days notice, and also because the vacated apartment had to be cleaned. The letter, though mailed to the forwarding address left by Lessee, was never received by Lessee. Neither was the notice returned to Lessor as undelivered.
On December 18, 1973, Lessee made written demand on Lessor for return of the deposit within thirty days, and also notified Lessor of Lessee's new address. Lessee's demand was received by Lessor on December 21, 1973. No further transactions or communications transpired between the parties until Lessee instituted this present action on January 25, 1974.
The pertinent statutory provisions, LSA-R.S. 9:3251-9:3253, read as follows:
"§ 3251.
Any advance or deposit of money furnished by a tenant or lessee to a landlord or lessor to secure the performance of any part of a written or oral lease or rental agreement shall be returned to the tenant or lessee of dwelling premises within one month after the lease shall terminate, except that the landlord or lessor may retain all or any portion of the advance or deposit as is reasonably necessary to remedy a default of the tenant or to remedy unreasonable wear to the premises. If any portion of an advance or deposit is retained by a landlord or lessor, he shall forward to the tenant or lessee, within one month after the date the tenancy terminates, an itemized statement accounting for the proceeds *815 which are retained and giving the reasons therefor.
"§ 3252.
The willful failure to comply with R.S. 9:3251 shall give the tenant or lessee the right to recover actual damages or two hundred dollars, whichever is greater, from the landlord or lessor. Failure to remit within thirty days after written demand for a refund shall constitute willful failure.
"§ 3253.
In an action brought under R.S. 9:3252, the court may in its discretion award costs and attorney's fees to the prevailing party."
We initally reject Lessee's contention that subject statute should be liberally construed in favor of tenants. The statute in question is obviously penal in nature. It is well established that penal statutes are to be strictly construed, and that the penalties therein provided may be assessed only when the action complained of is in clear and unmistakable violation of express statutory terms. Mitchell v. First National Life Insurance Co. of La., 236 La. 696, 109 So.2d 61; Becker v. Choate d/b/a Choate Towing Service, La.App., 204 So.2d 680.
Lessee urges that the statute requires a landlord not only to render an itemized statement of the reasons for failing to return the deposit, or the portion retained, but also to make an actual tender to Lessee, and additionally to take steps which insure Lessee's receipt of the required notice. On this premise, it is argued first that Lessor failed to comply with the statute because Lessee did not in fact receive the communication sent to the forwarding address left by Lessee. Next, Lessee maintains the notice did not comply with the statute because it neither itemized the amount of expenses Lessor anticipated, nor constituted a tender to Lessee of that portion of the deposit Lessor did not contemplate using to remedy fault on Lessee's part. Finally Lessee urges the statute imposed upon Lessor the duty to respond to Lessee's demand for return of the deposit.
We find that the statute does not sanction forfeiture of a deposit solely because of Lessee's alleged noncompliance with or breach of a lease obligation. On the contrary, a Lessor's right to retain all or part of a deposit is expressly conditioned upon the retainage being reasonably necessary to remedy a stated default by Lessee or to restore the premises when unreasonable wear and tear has resulted from the Lessee's occupancy. When the privilege of retainage exists and is exercised by a Lessor, the statute imposes upon Lessor the obligation of accounting for the retainage by means of an itemized statement which must include reasons therefor. We think the obvious purpose of requiring itemization is to prevent a Lessor from arbitrarily withholding a deposit, and at the same time furnish a criterion for determining whether the retainage is reasonably necessary to alleviate the alleged default of the Lessee or to cure the effect of unreasonable wear and tear found upon termination of Lessee's occupancy.
We also find that "an itemized statement accounting for the proceeds which are retained and giving reasons therefor", requires categorical specification which reasonably apprises Lessee of the nature of the elements of wear and tear involved. We mean, for example, that itemization envisions a separate listing of each aspect of wear and tear such as painting, repair of wallpaper or plastered walls, repair to plumbing or lighting fixtures or repair or replacement of broken or damaged items such as appliances or particular articles of furniture. We do not believe that itemization requires a detailed listing of each minute component part of each category. We so find because the statute expressly authorizes Lessors to retain such portion of the deposit "as is reasonably necessary . . . ."
*816 In this case, Lessor retained a deposit of $50.00 which was stated to be necessary to "clean and vacuum the apartment." Considering all the circumstances of this case, we find that Lessor reasonably retained the deposit.
Lessee also suggests that Section 3252, above, makes it a willful failure to comply with the statute when a Lessor fails to remit within 30 days after written demand for a refund. It is argued in effect that, regardless of the circumstances, failure to remit within the thirty day period subjects Lessor to penalties.
We do not believe the legislature intended such a result. Section 3251 clearly gives the Lessor the right to retain under the circumstances therein stipulated. If a Lessor complies with Section 3251 by forwarding notice, as the statute requires, it would indeed be anomalous to hold that, notwithstanding such compliance, he must nevertheless return the entire deposit upon Lessee's written demand. Such a result would render meaningless the right of Lessor to retain a deposit, and would impose an unconditional obligation to return the entire deposit on Lessee's written demand even though Lessor has fully complied with Section 3251. We believe that the statute, considered as a whole, entitles the Lessor to retain the deposit in a proper case, notwithstanding written demand by Lessee.
The conclusions herein reached obviate the need to determine whether Lessor is obligated to make a manual tender in instances of this nature.
Lessee's contention that the notice given by Lessor is defective because it was sent by ordinary mail and not received by Lessee is also without merit. In this regard, Lessee contends that it was incumbent upon Lessor to be certain that the notice was actually received by Lessee, therefore Lessor should have sent the notice by either registered or certified mail with return receipt requested. In that manner, Lessee argues, Lessor would have been apprised of the non-delivery of the first notice and could have made further inquiry. It suffices that the statute does not require notice by registered or certified mail. Failure of Lessee to receive the notice was not due to any remission on Lessor's part. Lessor mailed the notice to the forwarding address left by Lessee. The notice was not returned to Lessor.
Contrary to Lessee's contention, the statute does not require Lessor to respond to Lessee's demand when, as in this instance, Lessor has given notice pursuant to Section 3251, and said notice recites good cause for Lessor's retention of the entire deposit. Under such circumstances, a reply to Lessee's demand made after receipt of such notice would be a vain and useless gesture. Where, however, Lessor's notice does not show good cause for retention of the entire deposit, Lessor is obligated to return the balance to Lessee.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.