309 So.2d 748 (1975)
Alfred McCALEB
v.
DEPARTMENT OF PUBLIC SAFETY, State of Louisiana.
No. 6684.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1975.
*749 Alfred F. McCaleb, III, Baton Rouge, for plaintiff-appellee.
Foye L. Lowe, Jr., Baton Rouge, for defendant-appellant.
Before SAMUEL, REDMANN and MORIAL, JJ.
SAMUEL, Judge.
Plaintiff instituted this suit for injunctive relief against the Department of Public Safety to prevent enforcement of its order (issued under the provisions of the implied consent law, R.S. 32:661 et seq.) suspending his driver's privileges for his refusal to submit to an alcholic analysis test. The suspension had been affirmed at a departmental hearing requested by him pursuant to the provisions of LSA-R.S. 32:668 which also provides for a judicial review of the Department's determination when requested. The Department has taken this appeal from a judgment in favor of plaintiff recalling the suspension.
In preparation for trial the Department had requested the issuance of subpoenas to the two police officers who had been involved in the incident and whom the Department intended to call as witnesses. In response to those subpoenas the officers were present in court at 9 a. m. However, when the case was called for trial, the plaintiff was not present. He was a lawyer who handled his own case and who had phoned in the information that he would be late because he had to come from Baton Rouge. The court therefore proceeded to the trial of other cases and, through the court reporter, informed the two police officer witnesses they could leave but that they were required to return at 12:30 p. m. when the case would be heard. The police officers left and had not returned shortly before 1 p. m. when the case was called for trial.
Despite the absence of the witnesses, the trial court ordered the Department to proceed with its evidence. The Department objected, claiming the plaintiff should be required to proceed first, and alternatively moved for a continuance because of the absence of the two witnesses. The objection was overruled and the motion was denied. Although no evidence was offered *750 by either litigant, the court then rendered the judgment appealed from.
While several issues are presented by the appeal, our conclusion as to one, whether or not the trial court properly refused to grant the continuance, requires that we set aside the judgment and remand the matter. Thus, it is unnecessary for us to consider any other issue.
Civil Code of Procedure Article 1602 is concerned with the peremptory grounds for a continuance. That article reads:
"A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance." LSA-C.C.P. Art. 1602 (Emphasis ours).
Under the plain wording of the quoted Article 1602, the granting of a continuance in the instant case was mandatory upon the trial judge. The article requires that a continuance be granted when a material witness has absented himself without the contrivance of the party applying for the continuance. Here it is clear that the two absent police officers were material witnesses and that their absence at the time the case was called for trial was not due to any action on the Department's part. The court itself had released them until 12:30 p. m. and their failure to return at that time was not in any way attributable to the Department.
For the reasons assigned, the judgment appealed from is set aside and annulled and the matter is remanded to the district court for trial in accordance with law.
Set aside, annulled and remanded.