DOMENGEAUX, Judge.
This is a suit on a promissory note. Plaintiff, David D. Chaisson, seeks contribution from Alvin Daigle, an indorser, for his virile share of the amount plaintiff paid on a note as surety for the maker.
Jerry Iguess executed a promissory note, dated March 22, 1979, for $7,800.00, with 10% annual interest, payable to Calcasieu Marine National Bank on June 20, 1979. David Chaisson and Alvin Daigle signed the note on the reverse side as indorsers. When the note came due Jerry Iguess failed to pay the amount owed and subsequently filed a petition for bankruptcy. The Calcasieu Marine National Bank then made demand for payment on David Chais-son who paid the bank $7,992.33 as the principal and interest due on the note.
David Chaisson brought this suit against Alvin Daigle and Marlene Daigle for contri- *677 button, alleging that each had indorsed the promissory note as accomodation indorsers and were, therefore, liable for their proportionate shares as co-sureties. Alvin Daigle answered the petition arguing that he is not liable as a co-surety since he was not aware that the debt was due when Mr. Chaisson paid it and since Mr. Chaisson did not pay it in consequence of a lawsuit. Mr. Daigle also brought a reconventional demand seeking to recover rental payments for a welding machine, including welding leads, and seeking recovery for three pumps allegedly promised as consideration for his indorsement of the note.
The trial court rendered judgment in favor of plaintiff awarding him $3,996.16 plus legal interest and costs. The trial court dismissed the claims against Marlene Dai-gle since her signature was not on the note. The trial court also concluded that Mr. Dai-gle failed to carry his burden of proof on the claims in his reconventional demand.
Mr. Daigle makes the following assignments of error:
(1) the district court erred in finding that, when Mr. Chaisson paid the debt, Mr. Daigle had knowledge that the debt was due;
(2) the district court erred in rendering a judgment awarding an amount greater than that prayed for in plaintiffs petition;
(3) the district court erred in not finding that Mr. Chaisson agreed to deliver three pumps to Mr. Daigle in exchange for Mr. Daigle’s indorsement of the note;
(4) the district court erred in not finding that Mr. Chaisson is liable to Mr. Daigle for rental payments on Mr. Daigle’s welding machine.
Under La.R.S. 10:3-415(1) an accommodation party is one who signs the instrument for the purpose of lending his name to another party to it. La.R.S. 10:3-415(4) states that an indorsement which shows that it is not in the chain of title is notice of its accommodation character. The evidence in this case reveals that David Chaisson and Alvin Daigle signed the note here as accommodation indorsers. This is supported by the testimony which indicates that they added their names to the instrument as security for the Calcasieu Marine National Bank. The accommodation character of the indorsements is also clear since the signatures are not in the chain of title to the note. Under Daigle v. Chaisson, 396 So.2d 573 (La.App. 3rd Cir.1981), a case between these same parties involving liability on a similar note, as accommodation indorsers, David Chaisson and Alvin Daigle are sureties for the maker, Jerry Iguess. Under Aiavolasiti v. Versailles Gardens Land Development Company, 371 So.2d 755 (La.1979), and Daigle v. Chaisson, supra, the rules of suretyship are to be applied to accommodation indorsers to determine the rights between them. La.C.C. Art. 3058 provides the right of a surety who has paid the primary debt to seek recourse from the other co-sureties. La. C.C. Art. 3058 states:
“When several persons have been sureties for the same debtor and for the same debt, the surety who has satisfied the debt, has his remedy against the other sureties in proportion to the share of each; but this remedy takes place only, when such person has paid in consequence of a lawsuit instituted against him.”
The provision that this remedy takes place only in consequence of a lawsuit instituted against the paying surety was applied in Daigle v. Chaisson, supra, citing Aiavolasiti, supra. The Supreme Court, in Aiavolasiti, stated, at page 758, footnote 7, that “[although this article permits contribution only if the debt was paid in consequence of a lawsuit, this does not prevent plaintiffs recovery in the present suit. Contribution is permitted even if the debt was not paid in response to a lawsuit provided that the co-sureties had knowledge that the debt was due or consented to the payment.... The other guarantors clearly had knowledge that the debt was due in the present case, and no possible defense was suggested at trial. Moreover, since all of the guarantors were bound in solido with the principal debtor, there is no *678 reason to require the delay pending lawsuit.”
In the present case, Mr. Daigle argues that the trial court erred in finding that he had knowledge that the debt was due when Mr. Chaisson paid it and therefore he is not responsible for contribution. As stated above, however, the Supreme Court in Aia-volasiti, also stated that where all the sureties are bound in solido with the principal debtor, there is no reason to require payment in consequence of a lawsuit. We examine the facts of this case in light of this statement.
In Daigle v. Chaisson, supra, the court noted that directly above the indorser’s signature was the following language: "... the undersigned hereby jointly and severally guarantee to the Calcasieu Marine National Bank of Lake Charles, its successors, indorsers or assigns, the punctual payment at maturity of said loan.” The court stated that “we interpret the phrase ‘jointly and severally’ to mean that the three indorsers bound themselves in solido with the principal obligor. The common law term ‘joint and several’ has been held synonymous with our civil law term ‘in solido.’ Johnson v. Jones-Journet, 320 So.2d 533 (La.1975), Ford Motor Credit Company v. Soileau, 323 So.2d 221 (La.App. 3rd Cir.1975), [appeal after remand, 357 So.2d 563 (La.App. 3rd Cir.1978)].” Daigle v. Chaisson, supra, at page 575.
In this case, the same language is found above the signatures of Mr. Chaisson and Mr. Daigle, indicating that they “jointly and severally guarantee” the punctual payment of the loan at maturity. As joint and several guarantors Mr. Chaisson and Mr. Daigle bound themselves in solido with the principal obligor, Jerry Iguess. As a soli-dary surety, then, Mr. Chaisson did not need to pay the debt in consequence of a lawsuit in order to preserve his right of contribution against Mr. Daigle. Daigle v. Chaisson, supra; Siavolasiti, supra. We conclude, therefore, that the district court did not err in finding that Mr. Daigle was liable for contribution in this case.
Mr. Daigle contends that the trial court erred in awarding special damages in excess of the amount Mr. Chaisson prayed for in his petition. In his petition, Mr. Chaisson prayed for judgment against defendants Alvin Daigle and Marlene Daigle for $2,696.16. Marlene Daigle was dismissed from the suit since she had not signed the note in any capacity. The trial court entered judgment against Alvin Dai-gle, awarding Mr. Chaisson $3,996.16, based on its finding that Mr. Daigle was one of two sureties for the loan and, therefore, responsible for one-half of the debt owed Calcasieu Marine National Bank.
La.C.C.P. Article 861 provides that items of special damage must be specifically alleged. However, La.C.C.P. Article 1154 provides the following:
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.”
In Land and Offshore Company v. Martin, 469 So.2d 1177 (La.App. 3rd Cir.1985), the district court awarded the plaintiff insurance claims, attorney’s fees, and interest in excess of the amount prayed for in plaintiff’s petition. In upholding the district court’s award, we stated the following:
*679 “At the outset, we note that a trial court can award special damages even though they are not prayed for, Johnsons v. Fuselier, 302 So.2d 721 (La.App. 3 Cir.1974), and may award such damages in excess of that prayed for. Cambrice v. Fern Supply Co., Inc., 285 So.2d 863 (La.App. 4 Cir.1973). Furthermore, the record supports the trial court’s award of each of these elements of special damages. Evidence with regard to these amounts of damages was presented without any objection on the grounds that it was beyond the pleadings. The reception of this evidence without objection resulted in an enlargement of the pleadings.”
Land and Offshore Co. v. Martin, 469 So.2d at 1185.
In Carter’s Insurance Agency, Inc. v. Franklin, 428 So.2d 808 (La.App. 1st Cir. 1982), the Court of Appeal allowed an award for the $58.29 balance due plaintiff on an open account even though plaintiff had not prayed for judgment on this balance. In holding that the balance on open account could be awarded under the circumstances in that case, the court stated:
“The ‘theory of the case’ doctrine has been abolished in Louisiana as a pleading requirement or restriction. La.C.C.P. arts. 862, 1154 and 2164. Our code of civil procedure sets forth a system of fact pleading. If the facts constituting the claim or defense are alleged or proved, a party may be granted any relief to which he is entitled under the pleadings and the evidence. Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848 (La.1974); Primeaux v. Bennett Homes, Inc., 339 So.2d 1251 (La.App. 1st Cir. 1976). If the record contains all of the evidence necessary to adjudicate an issue not raised in the trial court, an appellate court has the authority to act. Castille v. Folck, 338 So.2d 328 (La.App. 3rd Cir. 1976). However, if an opposing party was not given a reasonable opportunity in the trial court to assert affirmative defenses and present evidence, or if adequate notice of the issue was not given, the issue should not be considered. La-nier Business Products, Inc. v. First National Bank of Rayville, 388 So.2d 442 (La.App. 2nd Cir.1980).”
Carter’s Insurance Agency, Inc. v. Franklin, 428 So.2d at 815.
The court concluded that the unobjeeted to evidence admitted at trial supported an award for the balance due on the open account.
In Freeman v. Harold Dickey Transport, Inc., 467 So.2d 194 (La.App. 3rd Cir.1985), and in Smith v. Moncrief, 421 So.2d 1127 (La.App. 3rd Cir.1982), writ denied, 426 So.2d 177 (La.1983), we refused to allow awards in excess of the amounts prayed for in the plaintiff’s petitions. In Freemen, a tort suit, the trial court awarded the plaintiff past and future wages in excess of that prayed for in the petition. In concluding that evidence of the plaintiff's economic losses in excess of that prayed for was inadmissible, we stated that:
“Items of special damages must be specifically alleged. LSA-C.C.P. Art. 861; Lanier Business Products, Inc. v. 1st Nat’l Bank of Rayville, 388 So.2d 442 (La.App. 2d Cir.1980). The general rule is that a litigant can not recover an amount greater than that for which he prayed in his petition. Smith v. Moncrief, [supra]. The sole exception to this rule involves situations when otherwise inadmissible evidence of special damages is admitted without objection and the pleadings are enlarged to that extent. LSA-C.C.P. Art. 1154; Ehrhardt v. Cummins, 369 So.2d 213 (La.App. 3rd Cir.1979), writ denied, 369 So.2d 1366.”
Freeman v. Harold Dickey Transport, Inc., 467 So.2d at 196.
In Freeman, this Court noted that the defendant timely objected to the evidence of plaintiff’s economic losses which exceeded those itemized in his petition. Similarily, in Smith v. Moncrief, supra, we noted that at trial, the defendants objected to the admission of evidence tending to show their indebtedness to plaintiff in excess of the amount prayed for in the petition.
*680 In this case we are presented with a petition which alleges that plaintiff was one of three accomodation indorsers on a promissory note. The petition also alleges that Mr. Chaisson paid the principal and interest due when the maker failed to make the payments timely. The petition further alleges that Mr. Daigle failed to pay his virile share as co-surety for the debt. The petition finally prays for judgment against Mr. Daigle for $2,696.16, a figure based on plaintiff’s belief that there were three in-dorsers on the note. The trial court concluded that only Mr. Chaisson and Mr. Dai-gle were liable as sureties on the note since Marlene Daigle had not signed it. As a result, the proportionate share of each in-dorser on the note is one-half of the total paid, not one-third as Mr. Chaisson originally alleged.
At trial defendant did not object to any evidence on the ground that it was inadmissible for the purpose of showing that defendant owed more than the amount prayed for. From the facts alleged in his petition and from the facts put at issue by the unobjected to evidence at trial, the trial court could correctly consider Mr. Daigle’s full liability as a surety without regard to the amount Mr. Chaisson prayed for in his petition. Mr. Daigle had the full opportunity to assert affirmative defenses and present evidence on this issue. He was not prejudiced in his efforts to defend this lawsuit by consideration of an award beyond the amount prayed for.
The evidence shows that Mr. Daigle is liable to Mr. Chaisson for $3,996.16. We conclude, therefore, that the district court correctly rendered judgment in favor of Mr. Chaisson for that amount.
Mr. Daigle also assigns as error the trial court’s determination that Mr. Chais-son did not agree to deliver three pumps to him in exchange for his indorsement of the note. This is a factual determination. As such the trial court’s finding will not be reversed on appeal if it appears there was a reasonable factual basis for the determination and the finding was not clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Watson v. State Farm and Casualty Insurance Company, 469 So.2d 967 (La.1985).
The testimony at trial on this issue was conflicting. Mr. Chaisson testified that he did not agree to give Mr. Daigle three pumps in exchange for his indorsement of the note, while Mr. Daigle testified that Mr. Chaisson did so agree. Jerry Iguess, the maker of the note, also testified, by deposition, that Mr. Chaisson did agree to deliver the pumps to Mr. Daigle. In light of the trial court’s credibility determinations with respect to Mr. Chaisson and Mr. Daigle and after a complete review of the record, including the deposition testimony of Mr. Iguess, we cannot conclude that the trial court was clearly wrong in its determination.
Mr. Daigle’s final assignment of error is that the trial court erred in finding that Mr. Chaisson did not owe Mr. Daigle rental payments for the use of Mr. Daigle’s welding machine.
Mr. Daigle alleges that Jerry Iguess and Mr. Chaisson were partners in a welding business. He further alleges that Jerry Iguess entered into an agreement to lease the welding machine from him. Mr. Daigle testified that after Mr. Chaisson purchased Jerry Iguess’ building, he continued to use the welding machine under the lease for four months. Mr, Daigle contends that Mr. Chaisson owes rent for this four month period.
We first note that the statement in Daigle v. Chaisson, supra, at page 576, that Jerry Iguess and David Chaisson were business partners engaged in the welding business does not preclude a contrary finding in this ease. In the prior case, the issue of whether or not they were partners was not an essential element of the judgment rendered in the case. Also, since the record in the prior case is not a part of the record before this court we cannot determine to what extent that issue was actually litigated in the prior case. We conclude, therefore, that we are not bound by the *681 statement made on this issue in the prior case.
Turning to the record in this case, we cannot conclude that the trial court was clearly wrong in finding that Mr. Chaisson did not owe Mr. Daigle rent on the welding machine. The record overwhelmingly supports the trial court’s conclusion that Mr. Chaisson was not a partner with Jerry Iguess. The record also fully supports the trial court’s conclusion that Mr. Chaisson never entered into a lease agreement with Mr. Daigle or agreed to assume the lease Mr. Iguess made. Finally, the trial court’s conclusion that Mr. Daigle failed to prove that Mr. Chaisson used the welding machine for his own benefit during this period is also amply supported by the record. We can not conclude, therefore, that the trial court was clearly wrong in finding that Mr. Chaisson does not owe Mr. Daigle rental payments for the welding machine.
For the above and foregoing reasons the judgment of the district court is affirmed. All costs of this appeal to be assessed against defendant.
AFFIRMED.
FORET, J., concurs in the result.