619 So.2d 93 (1993)
Gregory E. and Carol S. MAYEAUX, Plaintiffs/Appellees,
v.
Michael and Loukia CHRISTAKIS, Defendants/Appellants.
No. 93-CA-67.
Court of Appeal of Louisiana, Fifth Circuit.
April 27, 1993.
Opinion Denying Rehearing June 17, 1993.
*94 Robert Morris Green, Metairie, for plaintiffs/appellees.
Laurence D. Rudman, Metairie, for defendants/appellants.
Before KLIEBERT, C.J., and BOWES and WICKER, JJ.
WICKER, Judge.
This appeal arises from a suit filed on behalf of plaintiffs, Gregory E. Mayeaux and Carol S. Mayeaux, against defendants, Michael Christakis and Loukia Christakis, to recover a security deposit, the first month's rent, statutory damages and attorney's fees. The defendants reconvened for attorney's fees and costs. The trial judge rendered judgment in favor of the plaintiffs awarding them $1,100.00 for their security deposit and first month's rental; $200.00 in damages; $191.75 for travel expenses, and $1,100.00 in attorney's fees. The defendants have appealed and one of the plaintiffs, Gregory E. Mayeaux, has answered the appeal. The answer seeks additional attorney's fees incurred with the appeal. We amend and as amended, affirm the judgment.
On appeal Mr. and Mrs. Christakis have specified the following errors:
1. The trial judge failed to grant the defendants' motion for continuance;
2. The trial judge erred in applying La. R.S. 9:3251-54 where the lease had been abandoned and rescinded prior to its commencement;
3. The trial court erred in finding the defendants did not comply with La.R.S. 9:3251-54, and
4. The trial court erred in awarding travel expenses in addition to statutory damages.

MOTION FOR CONTINUANCE:
This petition was filed December 26, 1991. On April 8, 1992 the plaintiffs filed a motion to set the case for trial. It was set for June 17, 1992. On May 1, 1992 the plaintiffs and defendants filed a joint motion to continue the trial to July 13, 1992. That motion was granted May 4, 1992. Also filed into the record were notices by the counsel for plaintiffs as well as the defendants waiving service of notice of trial. On July 10, 1992, at 1:54 p.m., the Friday afternoon before the trial date of July 13, 1992, counsel for the defendants filed a motion for continuance. No affidavits were filed in support of the motion and no hearing was requested. That motion stated in pertinent part:
... Defendants respectfully request a continuance of the trial of this matter as they have been called out of the country to Greece; opposing counsel has been informed of this request to continue said trial date and opposes same.
The plaintiffs' counsel filed an opposition to the continuance on the following grounds:
... Defendants' Motion for Continuance has been filed to the prejudice of Plaintiff in that Plaintiff has travelled from Indiana for the trial of this matter set Monday, July 13, 1992 and that continuance would cause undo hardship in that Defendant agreed to and signed a Joint Motion continuing this matter from June 17, 1992 to this date.
Since no hearing was requested on the motion the trial judge denied the motion ex parte giving the following reason:
All parties agreed in May 1992 to appear for trial without notice.
The defendants argue the trial judge was required, pursuant to La.C.Civ.P. art. 1602, to grant a continuance. They rely on the case of McCaleb v. Dept. of Public Safety, 309 So.2d 748 (La.App. 4th Cir.1975) as support for this argument.
La.C.Civ.P. art. 1602 provides:

*95 A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.
In McCaleb the court held that La. C.Civ.P. art. 1602 mandated a continuance.
The McCaleb court remanded a case where the trial judge failed to apply the mandatory language of article 1602. In McCaleb two material witnesses for the party seeking the continuance had shown up for trial that morning. However, the trial was postponed until the afternoon since the plaintiff called to say he would be delayed. When trial was called in the afternoon the two material witnesses were not present despite the court's releasing them that morning from their subpoena and requesting they return later. The Fourth Circuit held that the absence of these witnesses was not attributable to the party requesting the continuance.
The instant case is different. Here there was a consent between these parties of a trial date. This date was known to the parties seeking the continuance prior to their leaving the country. Nothing was done to apprise the court of their absence until the afternoon of the day before trial. At that time one of the plaintiffs had come in from out of state for the agreed-upon trial date. La.C.Civ.P. art. 1602 does not apply since these material witnesses were absent through their own contrivance.
After judgment was rendered in favor of the plaintiffs, the defendants' counsel filed a motion for new trial on the basis a continuance should have been granted pursuant to La.C.Civ.P. art. 1602. The hearing on the motion for new trial was heard September 17, 1992. The defendant, Mrs. Christakis, testified.
Mrs. Christakis stated her mother was ill and she and her husband "arrived in Greece the 1st of June[.]" They returned to the United States August 19, 1992. She testified they left the United States to go to Greece on "[t]he last day of May." The defendants' counsel stated for the record that he expected the defendants to be away for a few days or a few weeks but "fully expected to be able to proceed on Monday, the 13th."
The trial court correctly noted that a joint motion to set the matter for July 13, 1992 was filed before the defendants left town. He also correctly noted the defendants also waived notice of service of the trial date by letter dated May 28, 1992. The trial judge explained his reasons as follows:
I can't have parties agree and waive notices, have this man's client come in from out of town at great expense and the Friday afternoon before the trial Monday morning sign a motion to continue when this man objects to it when it's been a mutually agreed-upon date.
... Nothing was communicated to the Court that there was any hardship. I denied the motion on the morning of the trial and I see where it was filed on July 10th at 1:54 p.m., which is only some two and a half hours before the Clerk's office closes
* * * * * *
This lady should have communicated with you better that she was out of the country and she couldn't be back. It's not like she left the day before the trial or she was called out for an emergency on the 13th of July or the 12th of July. She left the country on [sic] June the 1st, a month and a half before this trial was set.
The defendants also argue that the trial judge abused his discretion in failing to grant a continuance under La.C.Civ.P. art. 1601. La.C.Civ.P. art. 1601 provides:
A continuance may be granted in any case if there is good ground therefor.
We find no abuse in the trial judge's discretion. In a similar case, Gossett v. Nealy, 230 So.2d 671 (La.App. 3rd Cir.1976) the Third Circuit found no abuse in a denial of a continuance. In Gossett, the motion was filed the afternoon prior to trial when *96 opposing counsel had already had three out-of-town witnesses come in for trial.
La.R.S. 9:3251 et seq.:
The defendants argue the trial judge applied the provisions of La.R.S. 9:3251 et seq. to the instant case when these provisions are inapplicable.
At trial, the only witnesses to testify were the plaintiff, Mr. Mayeaux, and Mr. Mayeaux's mother.
Mr. Mayeaux testified he gave Mrs. Christakis a check on August 2, 1991 for $1,100.00 both a deposit and the first month's rent on an apartment owned by Mr. and Mrs. Christakis. When shown what purported to be the written lease he signed, he was only able to identify the last page which contained his signature. He stated the front of the written lease introduced into evidence was altered. Although that last page of the lease indicates it was "[e]xecuted in duplicate," Mr. Mayeaux stated Mrs. Christakis delayed sending him his copy.
He testified the lease was for a one-year term from September 1, 1991 through August 31, 1992. He stated Mrs. Christakis promised he could have the keys by August 10, 1991 so as to get the apartment ready for the move. When he still had not heard from her by August 17, 1991 he went to her house. She still did not have his copy of the lease and had lost the key.
He stated when he learned on August 27, 1991 that he no longer had a job in Louisiana he called her but got no answer. Therefore, on August 24, 1991 he went to her apartment. Before he told her of this change she informed him she still did not have his key nor copy of the lease. He then informed her:
... I want to let you know, due to unforeseen circumstances, I no longer have a job down here and I'm not going to be able to take the apartment.
* * * * * *
I'd like to come inside and talk to you about getting my money back or some type of arrangement we can make on getting some of my money back.
He testified Mrs. Christakis said:
... don't worry, I feel so sorry for you... You're going to get all your money back. I'll send you all your money.
When he said he would be leaving from his mother's house August 30, 1991 to return to Indiana she stated:
Let me talk to my husband and we'll get you your money back before you leave.
Mr. Mayeaux stated when he had not heard from her he wrote her a certified letter September 19, 1991 requesting his refund as agreed.
After he mailed his letter he received a certified letter from Mrs. Christakis along with a check for $185.00 which he never cashed. The letter, introduced into evidence, states she rented the apartment to someone else on September 21, 1991 and was returning a prorated portion of the first month's rent. The letter states that under the terms of the lease he forfeited the deposit. The letter does state, however, that on August 4, 1991 a copy of the lease was mailed to his mother's house. Thus, this statement is consistent with Mr. Mayeaux's statement he did not receive a copy of the lease when he signed it on August 2, 1991. He stated he finally received a copy of the lease on October 7, 1991 along with the letter from Mrs. Christakis. As of the date of trial he never received his full refund as originally agreed to by Mrs. Christakis.
The evidence is uncontroverted that the lease agreement was mutually rescinded when Mr. Mayeaux informed Mrs. Christakis he lost his job. At that time he still had not had possession of the key or the written lease agreement.
La.R.S. 9:3251 provides for the return of lessee's deposit upon termination of the lease; however, it does not apply when the lease has been rescinded. Yardumian v. Beals, 341 So.2d 626 (La.App. 4th Cir.1977).
La.R.S. 9:3251 provides:
A. Any advance or deposit of money furnished by a tenant or lessee to a landlord or lessor to secure the performance of any part of a written or oral lease or rental agreement shall be returned to the tenant or lessee of residential or dwelling *97 premises within one month after the lease shall terminate, except that the landlord or lessor may retain all or any portion of the advance or deposit which is reasonably necessary to remedy a default of the tenant or to remedy unreasonable wear to the premises. If any portion of an advance or deposit is retained by a landlord or lessor, he shall forward to the tenant or lessee, within one month after the date the tenancy terminates, an itemized statement accounting for the proceeds which are retained and giving the reasons therefor. The tenant shall furnish the lessor a forwarding address at the termination of the lease, to which such statements may be sent.
* * * * * *
C. Paragraph A of this Section shall not apply when the tenant abandons the premises, either without giving notice as required or prior to the termination of the lease.
La.R.S. 9:3252(A) provides:
A. The willful failure to comply with R.S. 9:3251 shall give the tenant or lessee the right to recover actual damages or two hundred dollars, whichever is greater, from the landlord or lessor, or from the lessor's successor in interest. Failure to remit within thirty days after written demand for a refund shall constitute willful failure.
La.R.S. 9:3253 provides:
In an action brought under La.R.S. 9:3252, the court may in its discretion award costs and attorney's fees to the prevailing party.
In Beals, supra the plaintiff entered a rental agreement with the defendant on a month-to-month basis. The plaintiff paid the first month's rent. It was further agreed between the parties that if renovation work were incomplete by a certain date the lease would be dissolved and the plaintiff would be refunded the month's payment. He sought recision of the lease agreement on the basis the renovations were not completed in time. The Fourth Circuit found that plaintiff was not entitled to statutory damages and attorney's fees in this situation where the lessee sought recision of the lease.
Similarly, in the instant case, there is the uncontradicted testimony of Mr. Mayeaux that the lease was mutually rescinded. The plaintiff in the instant case never took possession of the apartment. Furthermore, La.R.S. 9:3251(C) states it does not apply to a situation in which the tenant abandons the lease prior to termination. Thus, the intendment of the statute is that it apply to situations in which the lease terminates. This lease never terminated; instead it was rescinded before the prospective tenant took possession. Another indication it was rescinded was that shortly thereafter a second lease was entered into with a new tenant.
Furthermore, La.R.S. 9:3251-3253 are penal in nature and are strictly construed. Garb v. Clayton-Kent Builders, Inc., 307 So.2d 813 (La.App. 1st Cir.1975). See also Frank L. Beier Radio v. Black Gold Marine, 449 So.2d 1014 (La.1984) wherein the court held at 1015-1016: "the award of attorney fees is exceptional and penal in nature."
Additionally, in Holden v. Clearview Dodge Sales, Inc., 416 So.2d 335, 340 (La. App. 4th Cir.1982), writ denied, 421 So.2d 248, 421 So.2d 249 (La.1982) the court held that "[e]xpenses incurred in preparing a lawsuit are not recoverable as damages." Thus, there is no authority for the award of attorney's fees and damages in this case.
Accordingly, we set aside the awards of statutory damages, travel expenses and attorney's fees and amend the judgment to only award the sum of $1,100.00, plus interest and costs. The answer to the appeal seeking increased attorney's fees is denied.
AMENDED, AND AS AMENDED, AFFIRMED.

ON APPLICATION FOR REHEARING
The appellees argue that this "[c]ourt was persuaded by this [appellee's oral] argument and ruled accordingly." The basis for this allegation is their view that the appellants were given more time to argue *98 than they were. However, at oral argument this court was not apprised by counsel for appellees of a time discrepancy, if any, nor was a request made by appellees' counsel for any additional time. The appellees do not assert that they were refused a request for additional time on the basis extra time was inadvertently given to the appellants. We therefore find this argument to be without merit. We also note that we have set out fully in our opinion the grounds for amending the judgment and adhere to the views expressed therein.
Finally, in the application for rehearing the appellees seek to have "all judges of the Fifth Circuit who are landlords, or, former attorneys for landlords recuse themselves from this case." Appellees have never filed a written motion to have the judges of the Fifth Circuit recuse themselves. A written motion is required. La.C.Civ.P. art. 160 states:
When a written motion is filed to recuse a judge of a court of appeal, he may recuse himself or the motion shall be heard by the other judges on the panel to which the cause is assigned, or by all judges of the court, except the judge sought to be recused, sitting en banc ... [emphasis added].
Furthermore, the appellees have filed no brief in support of the request for recusal. Uniform RulesCourts of Appeal 2-12.10 requires a brief in support of a motion. It provides in pertinent part:
Briefs in support of motions ... shall be filed with the motion ... [emphasis added].
More importantly, however, the civil code articles on recusation envision the filing of such a motion prior to trial or hearing or immediately after facts constituting a valid ground are discovered. See La.C.Civ.P. art. 154; Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153 (La.1944) [in Rathe the motion for recusal was untimely filed since it was filed after the case was submitted and was not based on facts unknown to the mover at the time of oral argument].
In the present case this appeal was lodged January 21, 1993. Oral argument was heard April 7, 1993 and the matter was submitted that date. The opinion was rendered April 27, 1993. Counsel for appellees raised for the first time a request for recusal in his application for rehearing filed May 6, 1993. Moreover, without determining whether the allegations he raised for recusal are sufficient to provide a valid basis for recusal we note that counsel does not raise any factual allegations upon which to base recusal which were unknown to him at the time of oral argument.
Accordingly, the application for rehearing is denied.
BOWES, Judge, concurring.
I concur fully with the views and thoughts expressed by Judge Kliebert and Judge Wicker in their denial of the petition for rehearing. In addition, I wish to state that I remember this case and the circumstances of the argument with great clarity. I was not the presiding judge and I did not call a 10-15 minute recess to receive a telephone call from the Supreme Court or anyone else. Judge Kliebert was the presiding judge. He did receive a very urgent telephone call from the Supreme Court, and he did, as a necessity, call a short recess in order to return the call to the Supreme Court, certainly not in excess of 15 minutes.
Counsel for mover is mistaken in his statements otherwise and he is likewise completely mistaken when he says his opponent was allowed an additional 20 minutes to argue. The time for argument of each side is kept by the judges on the bench with a stop watch. Counsel's opponent was allowed no more time than that to which he was entitled to complete his entire 20 minute argument. Both sides had no more than a total of 20 minutes. Counsel for mover was allowed his full 20 minutes of time to argue (same total amount as allotted to his opponent) and since he made no complaints or objection at the time of oral argument concerning his allotment of time and made no motion for additional time I feel his arguments are erroneous and meritless. I am also of the same opinion *99 about his arguments for recusal. I join with and concur with Judge Wicker and Judge Kliebert in the denial of the petition for rehearing and the motion for recusal.