LEMMON, Judge.
This is a suit for the return of a lessee’s deposit, filed pursuant to R.S. 9:3251 et seq. After trial on the merits judgment was rendered awarding return of the deposit, damages and attorney’s fees. Defendant lessor has appealed.
Plaintiffs were the first tenants to occupy this particular apartment after the building was constructed in 1970. They furnished a deposit of $50.00 to secure the performance of the verbal lease agreement.
Plaintiffs moved from the apartment on November 12, 1974 and two weeks later made written demand for the return of the security deposit. By letter dated December 9, 1974, defendant refused to return the deposit, asserting that plaintiffs, “did leave considerable damage” without specifying what the alleged damages were. Attached to the letter were receipts (totaling $173.15) for items “procured for the purpose of general cleaning, painting, and repairing” the premises.
This suit was filed in March, 1975. In answering interrogatories attached to the petition, defendant listed the damages specifically as a hole in the bedroom wall, cigarette burns in the living room carpet, mercurochrome stains on the drapes, and torn floor tiles in the kitchen.
R.S. 9:3251, requiring a lessor to return any deposit to the lessee within one month of the termination of the lease, contains an exception which allows the lessor to retain all or part of the deposit “as is reasonably necessary ... to remedy unreasonable wear to the premises”, but requires the lessor in case of retention to forward an itemized statement accounting for the retained proceeds and giving the reason therefor.
R.S. 9:3252 imposes a penalty upon the lessor who willfully fails to comply with R.S. 9:3251 and further declares that “(f)ailure to remit within thirty days after written demand for a refund shall constitute willful failure.”[1]
One reason for requiring itemization is to prevent a lessor from arbitrarily withholding the deposit. In the present case defendant did answer the written demand timely, but did not return the deposit or furnish an itemized statement with reasons. The receipts attached to defendant’s letter were primarily for painting materials, which cannot reasonably be considered as “unusual wear” after over four years of occupancy. Thus, defendant’s reasons for retaining the deposit were not explicated (at least as to items of unusual wear) until the interrogatories were answered, four months after the formal demand for the deposit. And, even then, there was no itemized accounting.
From the facts and circumstances of this case, we conclude that defendant willfully failed to comply with R.S. 9:3251. Since R.S. 9:3252 was designed to prevent the exact type of behavior which occurred in this case, we further conclude that the penalty was properly imposed.
In connection with plaintiff’s demand for return of the deposit, defendant attempted to prove the four items of damages listed in the answers to interrogatories. The record established that the hole in the wall had been caused by a tenant in the adjoining apartment and had never been repaired by the previous owner.[2] This damage was therefore not attributable *565 to plaintiffs, a fact that could have been determined without litigation if defendant had furnished the information required by the statute.
As to the burns in the carpet, the trial judge apparently accepted the testimony of plaintiffs and their friend who vacuumed the carpet the day of the move that there were no burns at that time. Defendant’s son examined the premises the next night and did not observe any defects. The first witness who observed the burns did so after painters worked in the vacant apartment following plaintiffs’ move. We find no manifest error in the denial of this claim of damages.
Plaintiff wife admitted she saw mercurochrome stains on the drapes as they were cleaning the room after the sofa had been moved. Defendant testified that the stains could not be removed, but produced no evidence as to the value of the drapes, stating only that they were replaced at a cost of $20.00. Even this evidence as to replacement was contradicted somewhat by the new tenant’s testimony that she was offered the drapes after cleaning, but in fact used her own drapes. Considering the length of plaintiffs’ occupancy and the lack of evidence as to the extent of the stains or the value of the drapes, we decline to disturb the trial judge’s denial of this claim of damages.
Finally, the damage to four floor tiles in the kitchen (which consisted of marks where a refrigerator had been located) was not shown to be the result of unreasonable wear.
We conclude that plaintiffs are entitled to a return of their deposit.
As to attorney’s fees, R.S. 9:3253 provides :
“In an action brought under R.S. 9:3252, the court may in its discretion award costs and attorney’s fees to the prevailing party.”
After reviewing the record, we find no abuse of the trial judge’s discretion in his award to plaintiffs of $100.00 for attorney’s fees. Furthermore, responding to plaintiffs’ answer to the appeal, we increase the attorney’s fees by $300.00 for legal services in connection with the appeal.
Accordingly, the judgment is amended to increase the amount of attorney’s fees to $400.00. As amended, the judgment is affirmed.

AMENDED AND AFFIRMED.

. R.S. 9:3251 refers to the period within one month after termination of the lease, while R.S. 9:3252 refers to the period within thirty days after written demand for a refund.
Apparently, the legislature intended that the penalty not be imposed upon a lessor who unknowingly fails to comply with R.S. 9:3251 when there has been no written demand for a refund.

. Defendant bought the building five months before plaintiffs moved. He had inspected the building at the time of the purchase.