GULOTTA, Judge.
Plaintiff, a lessee, appeals from a dismissal of his claim for damages against the lessor because of lessor’s alleged failure to comply with LSA-R.S. 9:3251 et seq.,[1] requiring the landlord to forward to the tenant, within one month after the date the tenancy terminates, an itemized statement accounting for the retained proceeds of a rental deposit and giving the reasons therefor. We affirm.
The facts are that plaintiff posted a $25.00 deposit when he rented the premises on a month-to-month basis on July 7, 1972; that he vacated the premises on July 12, 1975; and that the monthly rent in the sum of $79.00 was paid through June, 1975. In response to a request for a return of the deposit, lessor orally informed lessee-plaintiff that the deposit was being applied against the rent due for one half of the month of July and, accordingly, that plaintiff was not entitled to a return of the deposit.
On August 20, 1975, a written request was made to the lessor for return of the security deposit. This request was received by the lessor on August 21. The lessor testified that he made no written response[2] to the demand for the return of the deposit.
The trial judge concluded that plaintiff was not entitled to return of the deposit or statutory damages for the reason that he had been timely informed by the lessor that the deposit was being deducted from the rent due for the month of July.
We are confronted with the question whether a timely oral explanation by a lessor to a lessee that the return of a deposit is not due lessee, will suffice as a satisfactory response to a subsequent written demand for return of the deposit.
The statute clearly contemplates, as plaintiff argues on appeal, a response in writing. The statute (LSA-R.S. 9:3251) requires that the lessor “shall forward to the tenant” a statement accounting for the proceeds and giving reasons for the retention of the deposit.
*776 It would appear, on the face of the statute, that anything less than a response in writing would not suffice. However, the record is clear that several months prior to Flynn’s leaving the premises in mid-July, he had been asked to leave by the lessor. Jacob Cohen, president of Central Realty, testified that several teenagers in Flynn’s family were living in the apartment and were “terrorizing the neighbors.” Cohen testified further that Flynn knew “long ahead of time” of Central’s desire that he leave the premises or get rid of the teenagers. On June 4, 1975, Flynn was served with a notice to vacate. Though he had paid rent through the end of June, Flynn remained in the apartment until July 12 when he vacated the premises.[3] Rent in excess, of the $25.00 deposit was owed from July 1 through July 12. Not disputed also is the fact that Cohen timely explained to plaintiff that the deposit was being applied to July’s rent.
Although the language of the statute is clear, when we consider the facts surrounding the instant case and recognize that plaintiff’s petition was not filed in good faith, we are led to conclude that the legislature could not have contemplated recovery by a lessee against a lessor under these circumstances. Confining our decision to the narrow facts of the instant case, we conclude that the purposes of the statute were met by the lessor’s oral explanation of his retention of the rent deposit. This is not to say that an oral explanation will suffice in every case. To so hold would defeat the clear language of the statute. Accordingly, the judgment is affirmed.

AFFIRMED.

LEMMON, J., concurs and assigns reasons.

. LSA-R.S. 9:3251 reads as follows:
§ 3251. Lessee’s deposit to secure lease; retention by lessor; itemized statement by lessor
“Any advance or deposit of money furnished by a tenant or lessee to a landlord or lessor to secure the performance of any part of a written or oral lease or rental agreement shall be returned to the tenant or lessee of dwelling premises within one month after the lease shall terminate, except that the landlord or lessor may retain all or any portion of the advance or deposit as is reasonably necessary to remedy a default of the tenant or to remedy unreasonable wear to the premises. If any portion of an advance or deposit is retained by a landlord or lessor, he shall forward to the tenant or lessee, within one month after the date the tenancy terminates, an itemized statement accounting for the proceeds which are retained and giving the reasons therefor. The tenant shall furnish lessor a forwarding address at the termination of the lease, to which such statements may be sent.
“The foregoing provisions shall not apply when the tenant abandons the premises, either without giving notice as required, or prior to the termination of the lease.”
LSA-R.S. 9:3252 reads as follows:
§ 3252. Damages
“The willful failure to comply with R.S. 9:3251 shall give the tenant or lessee the right to recover actual damages or two hundred dollars, whichever is greater, from the landlord or lessor. Failure to remit within thirty days after written demand for a refund shall constitute willful failure.”

. Attached to defendant-lessor’s brief is a copy of a letter dated September 16, 1975, signed by the secretary of Central Realty of Louisiana, Inc. and directed to plaintiff. It reads as follows: “Please be informed that you forfeit your $25.00 security deposit for 1718 Josephine because You owed V2 months’ rent ($39.75) plus court costs.” The letter was not introduced into evidence at trial and we do not consider it in our disposition.

. In his petition, plaintiff stated that he vacated the apartment on June 14, 1975. However, he admitted in his testimony that he vacated the apartment in July, 1975, and that he had made a mistake in telling his legal counsel that he had moved out in June. Central Realty’s records show that he moved out on July 12.