BARRY, Judge.
The defendant-lessor appeals a judgment which awarded damages as a result of his failure to return plaintiffs’ rental deposit under LSA-R.S. 9:3251 et seq.[1]
Plaintiffs allege posting a $200.00 deposit when they rented an apartment on an oral month-to-month basis in January, 1978. The defendant subsequently purchased this property and testified that he received from the former owner $500.00 representing security deposits on five units. Plaintiffs gave oral notice to the defendant of their intent to vacate on October 1, 1979, but requested and were granted thirty additional days with the agreement to vacate by November 1, 1979. It is uncontested plaintiffs did move on November 1, 1979; that plaintiffs made written demand but the defendant did not refund their rental deposit; and that plaintiffs gave their forwarding address to the defendant and left their keys with the apartment manager.
Plaintiffs sued for return of the their deposit plus damages and attorney fees. Defendant filed a reconventional demand claiming that there was a tacit reconduction of the lease for the month of November, 1979, and that plaintiffs illegally withheld $45.00 from the August, 1979 rental. At trial defendant attempted to amend his re-conventional demand to include $218.00 representing repairs to the premises, but the amendment was not allowed. The trial judge awarded plaintiffs $450.00 without a breakdown of the amount.
After termination of the tenancy and plaintiffs’ request for return of their deposit, defendant testified that repairs to the premises were necessary and “I told them in order to find out who owed whom what, I would have to get a statement from the people who did the work. In other words, I told them you may owe me some money.” *783 Defendant argues this was a timely explanation that a refund was not due (his testimony doesn’t say that) and his oral explanation fell under our holding in Flynn v. Central Realty of Louisiana, Inc., 338 So.2d 774 (La.App. 4th Cir. 1976) writ den. 341 So.2d 417 (La.1977). Flynn is easily distinguishable because that plaintiff sought a refund and damages in bad faith and the amount plaintiff owed in rent was more than the rental deposit. The Flynn court was explicit in warning at p. 776: “Confining our decision to the narrow facts of the instant case, we conclude that the purposes of the statute were met by the lessor’s oral explanation of his retention of the rent deposit. This is not to say that an oral explanation will suffice in every case. To so hold would defeat the clear language of the statute.”
Defendant’s reconventional demand claims that when plaintiffs stayed on the premises one extra day (the beginning of a new rental month) there was a tacit recon-duction of the lease under LSA-C.C. Art. 2689 [2] and a full month’s rent is due. The parties orally agreed that the lease was to terminate October 31, 1979 and written notice was not required. Art. 2689 requires the tenant to remain in possession for one week without opposition after the lease has expired before there is a reconduetion of the lease. Here the tenants were on the premises one extra day for the purpose of moving and the defendant was present but made no request for additional rent. This is insufficient to constitute reconduction, tacit or otherwise, of the lease.
As to the other issue in defendant’s reconventional demand, the trial judge determined, and we agree, that plaintiffs were justified in withholding $45.00 from the rent to repair a leaking faucet.
On appeal defendant urges that he did not own the premises when the rental deposit was made and since the plaintiffs did not personally give the security deposit to him there was no cause of action for return of the deposit. We disagree. Allegations that the wrong defendant has been sued addresses itself to the merits. Marquis v. Cantu, 371 So.2d 1292, (La.App.3rd Cir. 1979). Defendant admits receiving a deposit and the only dispute is the amount, i. e., plaintiffs claim $200.00 and the defendant admits $100.00. We feel defendant’s admission places him in the same position as the former owner and results in privity which is sufficient to state a cause of action.
Defendant maintains that plaintiffs failed to carry their burden of proof as to whether any deposit was paid to defendant’s predecessor in title. This is moot with defendant’s testimony that he received a lump sum representing security deposits on all units and his determination that $100.00 was deposited by plaintiffs.
Defendant asserts that where a bona fide dispute exists over the amount of a security deposit, damages are not applicable under LSA-R.S. 9:3252. However, the law does not provide this exception in its requirement that the lessor shall return the rental deposit or furnish an itemized statement accounting for the deposit within one month after the tenancy terminates. Failure to do so within 30 days after written demand constitutes, ipso facto, “willful failure” under LSA-R.S. 9:3252 and is the basis to award damages. A dispute as to the amount of the deposit does not exculpate the lessor from strict compliance with the statute.
Defendant’s next contention is that statutory damages should not be assessed for a “technical” noncompliance with LSA-R.S. 9:3251. Defendant was obligated to act and his failure to do so was a willful, not technical, violation of the statute necessitating imposition of damages.
*784 The lower court’s judgment for $450.00 did not specify the amounts representing return of the security deposit, damages, and/or attorney fees. Whether the trial judge felt a $100.00 or $200.00 deposit was posted is immaterial since the total award is sufficient to justify a refund of the deposit, plus damages up to $200.00, and attorney fees.
The judgment did not dispose of defendant’s reconventional demand which we now amend to dismiss. Otherwise, we find no error of fact or law in the judgment which is affirmed with defendant to pay all costs of this appeal.
AMENDED AND AFFIRMED.

. LSA-R.S. 9:3251. Lessee’s deposit to secure lease; retention by lessor; itemized statement by lessor
Any advance or deposit of money furnished by a tenant of lessee to a landlord or lessor to secure the performance of any part of a written or oral lease or rental agreement shall be returned to the tenant or lessee of dwelling premises within one month after the lease shall terminate, except that the landlord or lessor may retain all or any portion of the advance or deposit as is reasonably necessary to remedy a default of the tenant or to remedy unreasonable wear to the premises. If any portion of an advance or deposit is retained by a landlord or lessor, he shall forward to the tenant or lessee, within one month after the date the tenancy terminates, an itemized statement accounting for the proceeds which are retained and giving the reasons therefor. The tenant shall furnish lessor a forwarding address at the termination of the lease, to which such statements may be sent.
The foregoing provisions shall not apply when the tenant abandons the premises, either without giving notice as required, or prior to the termination of the lease.
LSA-R.S. 9:3252. Damages
The willful failure to comply with R.S. 9:3251 shall give the tenant or lessee the right to recover actual damages or two hundred dollars, whichever is greater, from the landlord or lessor. Failure to remit within thirty days after written demand for a refund shall constitute willful failure.

. LSA-C.C. Art. 2689. Reconduction of lease of house or room by continued possession after expiration of term.
If the tenant either of a house or of a room should continue in possession for a week after his lease has expired, without any opposition being made thereto by the lessor, the lease shall be presumed to have been continued, and he can not be compelled to deliver up the house or room without having received the legal notice of warning directed by article 2686.