KLEES, Judge.
This is a suit for the return of a lessee’s deposit, filed pursuant to La.R.S. 9:3251 et seq. After a trial on the merits, judgment was rendered denying return of the deposit, damages and attorney’s fees. Plaintiff lessee has appealed.
Plaintiff, Cynthia Woodery, and defendant, Thelma Smith, entered into an oral lease agreement in October, 1985. Plaintiff agreed to lease an apartment owned by defendant at 2427 South Galvez Street for $300.00 a month, provide a $300.00 security deposit and pay her proportionate share of the water bill. Because plaintiff lacked the money to pay the $300.00 security deposit at the commencement of the lease, defendant allowed her to pay it on an installment basis. At the time plaintiff vacated the apartment on April 18, 1986, she had paid only $255.00 of the security deposit. On May 8, 1986, plaintiffs attorney wrote to defendant requesting return of the $300.00 security deposit and/or an itemized list of any amounts withheld from the deposit in accordance with R.S. 9:3251. Defendant responded by letter on June 2,1986, stating that plaintiff had only paid $255 of the security deposit and that plaintiff owed money for the water bill and for the cost of a new light fixture.
*390 R.S. 9:3251 provides that a deposit of money by a lessee to secure the performance of any part of a written or oral lease or rental agreement shall be returned to the lessee within one month after the lease terminates, except that the lessor may retain all or any portion of the deposit which is reasonably necessary to remedy a default of the lessee or to remedy unreasonable wear to the premises. If any portion of an advance or deposit is retained by a lessor, he must forward to the lessee, within one month after the date the tenancy terminates, an itemized statement accounting for the proceeds which have been retained and giving the reasons for having retained them.
R.S. 9:3252 imposes a penalty upon the lessor who has willfully failed to comply with R.S. 9:3251, defining “willful failure” as the failure to remit within thirty days after written demand for a refund.
One reason the statute requires an itemization is to prevent a lessor from arbitrarily withholding the deposit. O’Brien v. Becker, 332 So.2d 563 (La.App. 4th Cir.1976). In the instant case, defendant timely answered plaintiffs written demand, but her letter failed to properly itemize the deductions and reasons therefor. The court in Garb v. Clayton-Kent Builders, Inc., 307 So.2d 813, 815 (La.App. 1st Cir.1975), stated that “ ‘an itemized statement accounting for the proceeds which are retained and giving reasons therefor’, requires categorical specification which reasonably apprises Lessee of the nature of the elements of wear and tear involved.... [F]or example, that itemization envisions a separate listing of each aspect of wear and tear such as painting, repair of wallpaper or plastered walls, repair to plumbing or lighting fixtures or repair or replacement of broken or damaged items such as appliances or particular articles of furniture.” Although defendant intended that her letter of June 2,1986, serve as an explanation for withholding plaintiffs deposit, we find that she did not adequately comply with R.S. 9:3251. The law is well settled that even if there is a valid dispute over a lease, a lessor must comply with the statute or suffer the penalties provided. Altazin v. Pirello, 391 So.2d 1267 (La.App. 1st Cir.1980); Moore v. Drexel Homes, Inc., 293 So.2d 500 (La.App. 4th Cir.1974), writ denied 295 So.2d 812 (La.1974).
R.S. 9:3251 does not provide an exception in its requirement that the lessor return the deposit or furnish an itemized statement accounting for deductions from the deposit within one month after the tenancy terminates. Ball v. Fellom, 406 So.2d 781 (La.App. 4th Cir.1981). Failure to do so is ipso facto a willful failure. Therefore, plaintiff is entitled to recover the amount of her deposit, $255.00.
In addition, under R.S. 9:3252, plaintiff is entitled to the statutory minimum of $200.00 for defendant’s willful failure to comply with R.S. 9:3251.
Accordingly, the judgment of the trial court is reversed and judgment is rendered in favor of plaintiff in the amount of $255.00 for the return of the rental deposit plus $200.00 in damages.
REVERSED AND RENDERED.
BARRY, J., concurs with reasons.