SAVOY, Judge.
Because the nature of this case is such that we feel a thorough recitation of the facts is necessary for an understanding thereof, and because the trial judge, the late Clement M. Moss, departed this life prior to the signing of a formal decree, we will quote in part from the opinion of Judge Moss.
“This suit was consolidated for trial on September 20, 1968, with the case of Brady Duhon v. Lee St. Mary, No. 74,952 on the civil docket of this Court. The last men *925 tioned case involved an accounting in connection with the operation of a packing plant on U. S. Highway No. 171 in Cal-casieu Parish, by a partnership composed of Duhon and St. Mary, with the business known as St. Mary & Duhon Packing House. The partnership business was operated until about June 1, 1966, and St. Mary operated the business about one month after that. As of August 1, 1966, as shown by document P-1 filed in evidence, St. Mary leased the premises, buildings and equipment to Duhon for a period of five months, ending December 31, 1966, with a one-year option (which was exercised) extending the lease to December 31, 1967.
“After the cases were consolidated for trial, they were fixed for trial for March 5, 1969, and that fixing was set aside on the ground that the parties had been unable to agree upon a date for taking the deposition of a witness in California. Later, the two cases were refixed for trial for September 25, 1969, and that fixing was set aside by joint motion of attorneys of the parties for a continuance and for a motion and order for St. Mary to render an accounting to Duhon within a period of sixty days from September 24, 1969, in Suit No. 74,952, which was the partnership accounting suit. The consolidated cases were then refixed for trial for June 26, 1970. In about January, 1970, St. Mary’s attorney, Robert E. Turner, departed this life, so the notice refixing the trial date for June 26, 1970, was sent to St. Mary on March 18, 1970. Within about 30 minutes prior to the opening of Court on June 26, 1970, the Court learned from H. Alva Brumfield III, by telephone call from Biloxi, Mississippi, that he represented St. Mary, from whom he had received the notice fixing the cases for trial for June 26, 1970, but that his secretary had not properly placed the notice on his trial calendar; that he was then engaged on the program of the Mississippi Bar Association at Biloxi and requested a continuance of the trial of these cases. Although Mr. Brumfield thought he had enrolled as attorney for St. Mary in these two cases, the Court was unable to find any motion or order to that effect in either suit record. The Court ascertained that Duhon and his attorneys and witnesses were ready for trial, with one witness from Shreveport, and Duhon was unwilling to agree to any continuance, in view of his readiness for trial, the fact that this was the third fixing for trial, and that a further continuance would delay the trial until the late fall of 1970. Accordingly, the Court severed the consolidation of the cases and proceeded with the trial of Suit No. 74,-814, in the absence of St. Mary and his attorney.
“In filing this suit, St. Mary demanded rent in the sum of $300.00 for the month of December, 1967, eviction of Duhon, attachment of two trucks, one trailer and one automobile belonging to Duhon on the allegation that St. Mary had been informed, and believed, that Duhon intended to leave the State of Louisiana and return to California without paying the rent for the last month of the lease; and St. Mary further alleged that he was fearful for the safety or waste of the property on the leased premises and asked that the leased premises with all of the leased property thereon, be sequestered. Duhon answered that it had been necessary for him to expend certain sums of money in repair of certain items of leased equipment during the period of the lease, which repairs should have been made by St. Mary, as the lessor thereof, but had been refused, and that St. Mary owed him amounts considerably in excess of the $300 monthly rental due December 1, 1967, and that compensation of the two debts had taken place by operation of law under the provisions of Civil Code Article 2208. Duhon reconvened for various amounts allegedly expended by him necessarily for said repairs, etc., subject to the credit of $300 due the plaintiff, denied any intention or remark by him to leave the *926 State and asked that the writ of sequestration of the premises and the writ of attachment of the vehicles he dissolved, with damages and an attorney’s fee, due to the alleged wrongful and illegal issuance thereof.”
On June 26, 1970, after severing Suit No. 74,952, Judge Moss proceeded to hear the evidence in Suit No. 74,814 without the presence of Mr. Brumfield. On July 10, 1970, Judge Moss set out written reasons for judgment awarding Duhon the sum of $1,080.33 plus an additional $500.00 as attorney’s fees for the wrongful issuance of the writs of attachment. On July 17, 1970, Mr. H. Alva Brumfield, III, filed a motion to be recognized as counsel of record for St. Mary.
On November 3, 1970, an order was signed by Judge Jack Rogers, who ascended to the bench after the demise of Judge Moss, setting a hearing on November 13, 1970, why the judgment of July 10, 1970, should not be set aside and a new trial granted. On November 23, 1970, Judge Rogers rendered an opinion citing LSA-R.S. 13:4209 and holding that Duhon had proven his damages in the amount of $1,580.33 and stated that a formal decree would be signed when presented. Apparently Judge Rogers overruled the application for a new trial which had been prematurely filed. On February 2, 1971, a formal judgment was signed by Judge Rogers awarding Duhon the sum of $1,580.-33, dissolving the writ of sequestration and writs of attachment and reserving the rights, of all parties in the accounting suit previously severed.
Then, on February 5, 1971, another order was signed by Judge Rogers setting February 12, 1971, as the date on which the defendant was to show cause why the judgment previously rendered on February 2, 1971, should not be set aside and a new trial granted. After the hearing set for February 12, 1971, was continued until March 15, 1971, on that date Judge Rogers set aside the hearing and denied the motion for a new trial.
Plaintiff appealed devolutively, contending that the trial court erred in: (1) not granting a continuance; and (2) in summarily denying plaintiff’s application for a new trial after a hearing had been fixed.
In support of his contention that the trial judge should have granted a continuance, plaintiff cited the case of Park Place Homes, Inc. v. Petersen, 242 So.2d 43 (La.App. 4th Cir. 1970) and Bryer Insurance Agency, Inc. v. Bruno, 244 So.2d 667 (La.App. 4th Cir. 1971).
A continuance was granted in the case of Park Place Homes, Inc. v. Petersen by the appellate court, where it appeared that one of the defendants was absent because of injuries sustained in an automobile accident just prior to the trial. When the attorney for the defendants did not appear at the trial, the court concluded that a continuance should have been granted because it was not reasonable to penalize the defendants for the non-appearance of their attorney.
The court in the Bryer case granted a continuance because counsel for defendant had changed his mailing address and did not receive notice of the fixing of the trial date and the defendant, an attorney, had a trial on the same date as the date fixed for the hearing of the case.
Neither of the above situations is present in the case before us on review. Mr. St. Mary’s attorney died in January of 1970, and on March 18, 1970, notice of the re-fixing of the trial date for June 26, 1970, was sent to Mr. St. Mary. We hold that the trial judge did not abuse the discretion granted to him in this case, and that Mr. St. Mary had ample opportunity to employ counsel and prepare for trial. See Gossett v. Nealy, 230 So.2d 671 (La.App.3rd Cir. 1970), wherein we held that the discretion given to the trial courts by virtue of Article 1601 of the Louisiana Code *927 of Civil Procedure would be considered abused only in exceptional circumstances. It is also to be noted that St. Mary may reassert any claims he may have in the accounting suit which was severed.
The final issue for consideration is whether or not the trial judge erred in summarily denying plaintiff’s motion for a new trial after a hearing had been set on the motion. Plaintiff cited Snuggs v. Burrus, 67 So.2d 599 (La.App.Orl.1953), as support for the principle that, once the court set a hearing on a motion for a new trial, it was error to dismiss the motion without notice and in chambers before the time fixed for its return. Although the Snuggs case does contain language to the effect that once the court has assigned a date for a hearing on a motion for a new trial it is without authority to dismiss the motion before the time fixed for its return, our Supreme Court in Sonnier v. Liberty Mutual Insurance Co., 258 La. 813, 248 So.2d 29(1971), held that a trial court could summarily dismiss an application for a new trial where no new facts were alleged which would be grounds for the granting of a new trial. Since a trial court can summarily deny the motion for a new trial, we feel it can also recall an order improvidently issued setting a contradictory hearing on the motion, where there is nothing contained in the application which would entitle the mover to same as a matter of right.
Plaintiff, in his application for a new trial alleged that: “1. Your appearer is aggrieved by the judgment of this court rendered in the above numbered and titled matter, on the 2nd day of February, 1971. 2. The said judgment is contrary to the law and the evidence and contains error prejudicial to appearer. 3. The court was in error in not allowing plaintiff to present his testimony.” None of these allegations are of such a nature as to require the fixing of the motion for a new trial by contradictory motion. See Article 1972 of the Louisiana Code of Civil Procedure.
For the reasons assigned, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.