926 So.2d 809 (2006)
Stacey A. COFFMAN, Plaintiff-Appellant
v.
Tanisha Ryan COFFMAN, Defendant-Appellee.
No. 40,992-CA.
Court of Appeal of Louisiana, Second Circuit.
April 12, 2006.
*810 Roland V. McKneely, III, Bossier City, for Appellant.
Ginger W. Johnson, Shreveport, for Appellee.
Before GASKINS, MOORE and LOLLEY, JJ.
LOLLEY, J.
This appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. Stacey A. Coffman appeals a judgment ordering him to pay Tanisha Ryan Coffman $1,300.00 in interim spousal support. For the reasons assigned, we vacate the judgment and remand the matter for further proceedings, consistent with this opinion.

FACTS
The parties were married in Shreveport in 2001, and one child was born of this union in November 2001. On March 17, 2005, Tanisha left the marital domicile after an alleged physical confrontation, which resulted in the arrest of Stacey. When Tanisha left the couple's home, she took their three-year-old son and moved to Texas to live with her mother and step-father. The following month, Stacey filed a petition for divorce pursuant to La. C.C. art. 102 and he also sought division of the community property. There were other matters pending in the Caddo Parish Juvenile Court, which were ultimately transferred to the First Judicial District Court, but are not before this court. Tanisha answered the petition for divorce and filed a reconventional demand seeking among other things child support and spousal support.
On May 16, 2005, a hearing was held with Judge B. Woodrow Nesbitt, presiding. At that hearing some property issues and visitation matters were considered. A subsequent hearing with Judge Nesbitt was held on May 25, to consider some preliminary matters in preparation for a considered decision on interim spousal support. On that same day, the trial court issued an interim order directing Stacey to pay $400.00 per month in child support.
Later in June, the hearing on interim spousal support was held with Judge Nesbitt presiding. Both parties and their attorneys were present. The record reflects that the hearing was conducted in a format likened to a pretrial conference in court on the record. It basically consisted of an extensive series of questions posed by the trial judge to both parties and their attorneys. At several intervals, Stacey's counsel requested that he be allowed to cross-examine Tanisha on issues concerning her present standard of living, her expenses, explanation as to how she was paying those expenses and on her efforts to seek employment. Subsequent to the trial court's lengthy series of questions, the parties were placed under oath. After being sworn, the trial court asked the parties if they had told the truth when answering the trial court's questions. Both parties answered to the affirmative and then the trial court ordered that their previous statements be adopted as evidence into the record. Right after they were sworn, the trial court stated that counsel for both parties could ask any questions they wanted to either party. However, that statement was followed with inquiries by the trial court of the intended questions for the parties. Subsequently, there was some discussion by the trial court as to the relevance of those proposed questions and whether or not the trial court had already *811 taken that information into consideration. There was further discussion as to whether any proposed questions would pertain to the alleged physical abuse on the part of Stacey and the likelihood that he would decline to answer by availing himself of the 5th Amendment of the U.S. Constitution.
After this dialogue, Stacey's counsel stated that he would make a proffer and in lieu of questioning Tanisha, he would make a statement on the record of his intended questions and the information he thought he would solicit from her. Counsel for Tanisha also made a proffer for the record. Subsequent to the hearing, the trial court ordered Stacey to pay Tanisha $1,300.00 per month in interim spousal support, and the judgment was made retroactive to the date of demand, all in accordance with reasons given at the hearing. Thereupon, Stacey sought review of the judgment by supervisory writ, and this court converted the writ application into the instant appeal.
Meantime, Stacey filed a motion to rehear the interim spousal support order because Tanisha secured employment. On October 6, 2005, the trial court issued a second order reducing the amount of the spousal support order from $1,300.00 to $550.00 per month and made the reduction in support retroactive to July 12, 2005. Although Stacey was the party seeking the reduction in interim spousal support, he now maintains that the trial court did not have jurisdiction to enter the reduction because the matter was on appeal and, therefore, the trial court's jurisdiction was divested pursuant to La. C.C.P. art. 2088.
In August 2006, while the matter was still pending in this court as a writ application, Judge Nesbitt executed a five-page affidavit as a per curiam brief in response to the writ application. This brief was ultimately filed into the record of this appeal.[1]
On January 24, 2006, the date set for the divorce hearing, Stacey filed a motion to recuse Judge Nesbitt. According to Stacey's appellate brief, the parties agreed to allow Judge Mike Pitman to hear the divorce, but for some reason not indicated in the record, that did not occur. The record indicates that on January 31, 2006, Judge Nesbitt considered the motion to recuse himself and denied that motion with written reasons stating that he found no allegations of fact in the motion supportive of Stacey's allegation of bias. Stacey sought supervisory review of the denial of his motion to recuse asking this court to consider the record in the instant appeal in conjunction with his writ application. After consideration, this court granted Stacey's application on the motion to recuse, vacated the ruling of the trial court and remanded the matter for assignment in accordance with La. C.C.P. art. 155. As of the writing of this opinion, no determination of that matter has been reached.

DISCUSSION
On appeal, Stacey sets forth four assignments of error. In his first assignment of error, he contends that the trial court erred in failing to conduct the trial in accordance with the Louisiana Rules of Evidence and the Louisiana Rules of Civil Procedure. He contends that during the hearing on interim spousal support, the trial court did not allow a contradictory hearing. He alleges that the trial judge asked all of the questions of the witnesses in the hearing, and subsequently made an award of interim spousal support for Tanisha *812 without affording him the right of cross-examination.
He further contends that the trial court erred because the witnesses were not placed under an oath before testifying as required by law.
Louisiana C.C.P. art. 1633 states in pertinent part:
A. Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so. (Emphasis added).
Louisiana C.E. art. 603 states in pertinent part:
Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so. (Emphasis added).
Stacey's counsel argues that not only was procedure not followed, but he contends he was not informed by the trial court that the parties would be sworn in at some later point during the hearing. Further, he argues that because Tanisha was not clearly entitled to interim spousal support pursuant to La. C.C.P. art. 963, the matter should have been tried contradictorily with the adverse party.
As stated, the record reflects that Judge Nesbitt posed extensive questions to both parties and to their attorneys during the majority of the hearing. It also indicates that neither parties were sworn nor admonished that they were under an oath before testifying as is required by law. La. C.E. art. 603; La. C.C.P. art. 1633. For the most part, the questions posed by the trial court concerned the various incomes and expenditures of the parties. After reviewing the transcript of the hearing for interim spousal support, it appears that the trial court was intent on shortening what may have become an extended hearing.
Although we note the record does not indicate that either party objected to this irregular proceeding, we cannot state that being sworn in after giving testimony which was then adopted into the record rose to the level of a calculated attempt of awakening a witness' conscience and impressing a witness' mind with a duty to testify truthfully. Further, the record does not reveal any peculiar set of circumstances which would warrant this unusual method of adducing testimony. Even if the reasoning was to expedite the hearing, we find that the format of the proceedings did not comply with the rules of evidence or procedure and can be found to have created some ambiguity. Moreover, we do not find it sets good precedent.
We also note that the record substantiates Stacey attorney's contention that he made several requests during the hearing to cross-examine Tanisha, but that there was no real opportunity for cross-examination as is required by law. See La. C.E. art. 611. Although we recognize that after the parties were sworn, the trial court stated that counsels could ask the parties any questions, that statement appeared to be qualified by the subsequent remarks made and questions posed by the trial court. At the very least, one could reasonably conclude that the remarks of the trial court possibly discouraged counsel from cross-examining Tanisha. Despite the fact that Stacey's counsel seemed to acquiesce and opted to make a proffer, it nevertheless appears that the intent of La. C.E. art. 611 was not followed.
So considering, we find the format of the hearing created ambiguity as to whether the parties' statements were actually being *813 received as evidence upon which the trial court might rely. The ambiguity of the situation, would in our view excuse the lack of a contemporaneous objection by Stacey's counsel.
Hence, to avoid any appearance of impropriety and to further discourage a neglect of the rules of evidence and procedure, we find this assignment of error has merit, and we vacate the judgment and remand the matter back to the trial court in accordance with this opinion. Due to our disposition of this matter, we pretermit Stacey's remaining assignments of error.

CONCLUSION
The judgment awarding Tanisha Coffman interim spousal support is hereby vacated, and the matter is remanded to the trial court with the instructions to conduct the hearing according to La. C.E. art. 603, La. C.C.P. art. 1633 and La. C.E. art. 611. Costs of this appeal are assessed equally to Tanisha Coffman and Stacey Coffman.
JUDGMENT VACATED AND REMANDED.
NOTES
[1] A judge may file written findings of the court and reasons for judgment as addressed by La. C.C.P. art. 1917. However, we do not find that a document styled "Per Curiam Brief" is contemplated under law.