GUIDRY, J.
RA wife appeals the dismissal of her action to collect arrearages in support payments from her spouse pending divorce. Finding merit in the wife’s contentions, we vacate the judgment of the trial court and *998 remand this matter for farther proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
On February 23, 2007, Troy Benton Searles filed a petition for divorce in accordance with Louisiana Civil Code article 102 to terminate his marriage of three years to Amy Cashio 'Searles. Of their marriage, two children were born. In response to the petition for divorce, Mrs. Searles filed an answer and reconventional demand wherein she sought a determination of the issues of child custody, child support, and spousal support. The trial court rendered judgment on May 4, 2007, awarding the parties joint custody of their minor children with shared visitation. The court further ordered Mr. Searles to make the following support payments: $540.42 per month in child support, effective March 9, 2007, “subject to a credit for any amounts paid;” 70 percent of the cost of health insurance, daycare, and any uninsured medical and dental expenses for the minor children; Mrs. Seax-les’ automobile insurance; and $250.00 per month in interim spousal support, effective March 9, 2007, “subject to a credit for any amounts paid.”
On June 13, 2007, Mrs. Searles filed a “Rule for Arrearages for Failure to Pay Child Support and Spousal Support,” wherein she alleged that Mr. Searles was “consistently and constantly late in paying” his support obligations that were due on the ninth of each month. She further alleged that Mr. Searles refused to pay his June 9, 2007 support obligations and as a result he owed an arrearage of $815.00 for past due child and interim spousal support.
A hearing on the rule was held on December 18, 2007, following which the trial court rendered judgment in favor of Mr. Searles, finding that he had overpaid |shis support obligations. Accordingly, the trial court signed a written judgment on January 4, 2008, dismissing Mrs. Searles’ rule for arrearages and contempt of court, which judgment is the subject of this appeal filed by Mrs. Searles.
DISCUSSION
In her first assignment of error, Mrs. Searles alleges that the trial court failed to conduct a proper contradictory hearing before rendering judgment. We agree. The hearing in this matter was set pursuant to a rule for arrearages filed by Mrs. Searles. As the relief requested by Mrs. Searles in her rule was not something to which she was clearly entitled and which further required supporting proof, the matter was required to be decided contradictorily with Mr. Searles, the adverse party. See La. C.C.P. art. 963; see also La. C.C.P. art. 3946. Furthermore, as Mr. Searles did not file a responsive pleading admitting the amount due, the contradictory hearing was required in order for the trial court to determine the amount of arrearages owed, if any. See La. C.C.P. art. 963; see also La. C.C.P. art. 3946, Official Revision Comments (b).
At the hearing on Mrs. Searles’ rule for arrearages, both parties requested permission to testify regarding the amounts owed and payments made, but the trial court denied their requests. Instead, the trial court questioned the parties’ counsel and solicited unsworn testimony directly from the parties regarding what payments were made and the purpose of the payments. While the trial court did allow Mrs. Searles to introduce in part and proffer in part documentary evidence regarding payments that were made, a review of the hearing transcript reveals that the trial court relied on the statements of counsel and the unsworn statements of the parties in interpreting these documents and in rendering judgment.
*999 The statements made by the parties were not evidence on which the trial court could rely to render judgment in this matter because the statements were not sworn to nor were the parties subject to cross-examination regarding the statements |,imade. See La. C.C.P. art. 1633 A and La. C.E. arts. 603 and 611 A & B;[1] see also Coffman v. Coffman, 40,992 (La. App.2d Cir.4/12/06), 926 So.2d 809. Moreover, without the testimony of the parties regarding the purpose of all the payments, it is impossible for us to determine whether Mrs. Searles was entitled to the relief sought, because without the sworn testimony of the parties, we cannot determine whether Mr. Searles can properly be credited for all of the documentary evidence of payments submitted at trial,[2] particularly those payments before March 9, 2007, (when Mrs. Searles filed her reconventional demand for interim support) and after June 12, 2007 (when Mrs. Searles filed her rule for arrearages). See La. R.S. 9:315.10 B & 315.21 A and La. C.C.P. art. 3946.
Accordingly, we remand this matter to the trial court for a full contradictory hearing. See Humphreys v. Humphreys, 09-0185 (La.3/13/09), 4 So.3d 798 (per Ucuriam). Based on our conclusion that the judgment must be vacated and this matter remanded to the trial court, we pretermit discussion of Mrs. Searles’ remaining assignments of error.
CONCLUSION
The judgment of the trial court dismissing Mrs. Searles’ rule for arrearages is vacated and this matter is remanded to the trial court to hold a full contradictory hearing. All costs of this appeal are assessed to the appellee, Troy Benton Searles.
VACATED AND REMANDED.
KUHN, J., Concurs & Assigns Reasons.

. The cited articles provide:
La. C.C.P. art. 1633 A:
Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so.
La. C.E. art. 603:
Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so.
La. C.E. art. 611:
A. Control by court. Except as provided by this Article and Code of Criminal Procedure Article 773, the parties to a proceeding have the primary responsibility of presenting the evidence and examining the witnesses.
[[Image here]]
B. Scope of cross-examination. A witness may be cross-examined on any matter relevant to any issue in the case, including credibility. However, in a civil case, when a party or person identified with a party has been called as a witness by an adverse party to testify only as to particular aspects of the case, the court shall limit the scope of cross-examination to matters testified to on direct examination, unless the interests of justice otherwise require.

. Notably, the hearing transcript shows that the trial court gave Mr. Searles credit for two payments of which Mr. Searles verbally informed the court and copies of the checks were shown to counsel for Mrs. Searles during the hearing, but the copies were not introduced into evidence.