STEPHEN J, WINDHORST, Judge.
12Intervenor, David C. Flettrich, A Professional Engineering Corporation, appearing through its president, David C. Flettrich, P.E. (Flettrich)[1] appeals from a judgment in his favor, alleging that the award is too low, and in favor of plaintiffs counsel, the DeBoisblanc Law Firm (De-Boisblanc). We amend, and as amended, affirm the ruling of the trial court.
*407 PROCEDURAL HISTORY
Melanise Fredrick (plaintiff), represented by DeBoisblanc, filed suit for damages against defendants, Big River Enterprises, Inc., et al, To aid in the prosecution of the suit, DeBoisblanc hired Flettrich as an expert. .
Prior to trial, Ms. Fredrick entered into a settlement agreement with' the defendants. Thereafter, Flettrich contended that he was owed $2,400.00 for the work he expended in preparing for trial before the parties settled. Flettrich filed a petition-in-intervention against the original plaintiff, Fredrick, and DeBoisblanc. In re-, sponse, DeBoisblanc filed its answer and a reconventional demand. In its |sdemand, DeBoisblanc contended that it had paid an excessive amount due to Flettrich’s actions in overbilling and fraudulent billing, and it requested that it be refunded $4,400.00. Flettrich, in proper person,[2] filed his answer to the reconventional demand and also raised the exceptions of no cause of action and no right of action.
After trial on the merits, the court denied the exceptions. The trial judge rendered judgment in favor of Flettrich, finding that DeBoisblanc owed $600,00 for trial preparation. The trial court also rendered judgment in favor of DeBoisblanc, finding that Flettrich owed $826.00 for double-billed and unwarranted services. After DeBoisblanc was credited with the $600.00 he owed to Flettrich, he agreed to waive the additional $226.00 owed by Flettrich, and therefore neither party was to collect from the other.
On January 20, 2015, Flettrich filed a motion for new trial, alleging that the verdict was contrary to the law and evidence. DeBoisblanc filed an opposition on February 6, 2015, contending that the motion was untimely[3] and second that the verdict was founded on credibility, and therefore reasonable. Accordingly, a new trial on the grounds that the verdict ⅛ contrary to the law and evidence was not warranted. The motion for new trial was denied on February 9, 2015, without reasons. This timely appeal followed.
DISCUSSION
In this appeal, Flettrich argues that the trial -court erred in denying his exception of no cause of action, finding that he was owed only $600.00 for his actions in trial preparation, finding that he overbilled DeBoisblanc by $826, and in denying his motion for new trial.
|.(Flettrich first'-contends that the trial court erred in denying his exception of no cause of action raised in response to DeBo-isblanc’s reconventional demand for reimbursement of overbilled fees. He argues that the oral compromise between him and DeBoisblanc,' settling his outstanding invoices, precludes any claims against the times on that invoice.
The purpose of the exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Wood v. Omni Bancshares, Inc., 10-216 (La.App. 5 Cir. 04/26/11), 69 So.3d 475, 477. An exception of no cause of action is assessed on the face of the petition, and no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. All well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action *408 as to any part of the demand, the exception must be overruled. Wood, supra at 479-480.
Here, Flettrich does not contend that the reconventional demand does not state a cause of action. Rather, he alleges that the March compromise bars DeBoisblanc from challenging the amounts billed. Accordingly, we find no error in the trial court’s denial of Flettrich’s exception of no cause of action.
Next, Flettrich challenges the factual findings made by the trial court. The record in this matter shows that there was no testimony taken during the trial of this matter. Instead, Flettrich made arguments to the court, and DeBoisblanc and his attorney, Mr. Snyder, both made arguments to the court. Neither Flettrich nor DeBoisblanc were sworn in or subject to cross-examination during the trial, so their statements cannot be considered as competent evidence in determining the merits of each party’s claim. La. C.C.P. art. 1633 A; La. C.E. art. 603; Searles v. Searles, 08-1098 (La.App. 1 Cir. 03/27/09), 9 So.3d 997; Oupac, Inc. v. Bernard, 04-1076 (La.App. 3 Cir. 12/08/04), 889 So.2d 378.
The only items of evidence properly before the trial court were the original expert contract between Flettrich and DeBo-isblanc, and the itemized bill submitted to DeBoisblanc indicating that the services billed were for preparation for a deposition noticed by Pelleteri, counsel for Big River. The itemized bill contains two spreadsheets of the same bills, the first in chronological order and the second by task performed. There was no evidence presented to show which portions, if any, were paid and which were not paid. Furthermore, there. was no evidence of double billing. In addition, there is no evidence to show any agreement between the parties to settle the itemized bill.[4]
Because neither side presented evidence to prove what, if anything, was owed by either party, the trial court erred in finding that Flettrich was entitled to an award of $600.00 for trial preparation. and that DeBoisblanc was entitled to reimbursement of $826.00 for improper billing. Accordingly, we amend the judgment of the trial court to provide that neither party is entitled to an award.
Last, Flettrich contends that the trial court erred in failing to set his motion for new trial for a hearing, and that the trial court erred in denying the new trial on the erroneous ground that it had not been timely filed; Flettrich filed his motion for new trial pursuant to La. C.C.P. art.1972, contending that the verdict was contrary to the law and evidence.
The trial court has great discretion in ruling on a motion for a new trial, and its decision will not be disturbed on appeal absent an abuse of that discretion. Burns v. Sedgwick Claims Mgmt. Servs., 14-421 (La.App. 5 Cir. 11/25/14), 165 So.3d 147, 155. Furthermore, a trial court can summarily dismiss an application for a new trial where no new facts were alleged which would be grounds for the granting of a new trial. St. Mary v. Duhon, 254 So.2d 924, 927 (La.App. 3 Cir.1971), citing Sonnier v. Liberty Mutual Insurance Co., 258 La. 813, 248 So.2d 299 (1971).
The trial court did not give reasons for the denial of the new trial motion. While *409 Flettrich contends that the motion was denied on the erroneous belief that it was untimely, the court could have also denied the motion on the grounds that the judgment was not clearly contrary to the law and evidence. Believing that the factual findings made at trial were not manifestly erroneous or clearly wrong, the trial court would not have abused its discretion in denying the motion for new trial by concluding that' the verdict was not clearly contrary to the law and evidence. We find no error in the trial court’s failure to hold a hearing prior to denying Flettrich’s motion for new trial.
CONCLUSION
For the above discussed reasons, the trial court’s judgment of December 18, 2014 is amended to provide that, because Flettrich did not present sufficient evidence to prove that his company was entitled to any amount for trial preparation, it is not entitled to an award. In addition, DeBoisblanc did not present sufficient proof that errors existed in Flettrich’s billings, and therefore it is not entitled to an award. All costs are assessed against appellant, David C. Flettrich, A Professional Engineering Corporation.
AMENDED, AND AS AMENDED, AFFIRMED

 This court recognizes that the intervenor in this case is a corporation, David C, Flettrich, A Pro00fessional Engineering Corporation. It is represented by its president, David C, Flett-rich, despite tlje fact that Flettrich is not a licensed attorney.
La. R.S. 37:213 prohibits the practice of law by individuals not licensed to do so. La. R.S. 37:212 C sets forth an exception for a partnership, corporation or other legal entity, and allows such entity "to assert or defend any claim, not to exceed $5,000.00 on its own behalf in the courts of limited jurisdiction, or on its own behalf through a duly authorized partner, shareholder,' officer, employee, or duly authorized agent or representative.” Thus, Flettrich, as an officer in David C, Flett-rich, A professional Engineering Corporation, may assert tire corporation's claim and may defend against DeBoisblanc’s claim, since each amount in controversy does not exceed $5,000.00. .

. Prior to this, date, Flettrich was represented by attorney Kurt Sins. .

. The Motion for New,Trial was timely, asThe calculated filing date- was Martin Luther King Day, and Flettrich filed the Motion the next day.

. The statements made by DeBoisblanc and Flettrich concerning the agreement for payment of the bill cannot be considered a settlement since the agreement was not reduced to writing or placed on the record in open court. La. C.C. art. 3072. Neither is there sufficient proof of an oral contract, see La. C.C. 1846 which provides that the contents of an oral contract over $500.00 must Re proved by at least one witness and other corroborating evidence.