WINDHORST, J.,
dissents with reasons.
hi respectfully dissent with the majority’s opinion and would vacate the judgment and remand the matter for further proceedings.
The trial court heard, and ruled on exceptions, a motion for sanctions, rules to show cause regarding co-parenting issues, and a motion for contempt without allowing the parties to submit evidence or testify. The trial court relied on arguments made by the parties’ attorneys to make factual determinations necessary to support those rulings. Neither Tomeca Dozier nor Bamela Koussanta were sworn in or subject to cross-examination during the hearings, nor were they allowed to introduce evidence. Because no competent evidence was submitted to determine the merits of the parties’ exceptions, motions, and rules, I would vacate and remand for new hearings which would allow for the submission of evidence and testimony, notwithstanding the history of the case. La. C.C.P. art. 1633 A; La. C.E. art. 603; Fredrick v. Big River Enters., 15-536 (La.App. 5 Cir. 03/16/16), 188 So.3d. 405; Searles v. Searles, 08-1098 (La.App. 1 Cir. 03/27/09), 9 So.3d 997.
Upon an adverse evidentiary ruling, the aggrieved party must make a contemporary objection, and request a proffer of evidence. This allows the trial court to consider the grounds for the objection, and to take corrective action if the objection has merit. It also allows the reviewing lacourt to see the evidence at issue if assigned as error. In this case, however, there was no issue as to admissibility of evidence; submission of evidence was not allowed. Even in the absence of a contemporary objection, there must be at least some evidence to support a ruling based even any finding of fact. Fredrick, supra. Nor was the appellee, mover in the motion *71 for sanctions, relieved of her burden of proof. I would therefore vacate on those motions which required findings of fact.
Accordingly, I respectfully dissent.